UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael Bradford, | ) |
| Plaintiff, | ) Case No. 1:20-cv-00060 |
| vs. | ) Judge Michael R. Barrett |
| Team Pizza, Inc., *et al.*, | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on the Magistrate Judge's June 29, 2020 Report and Recommendation ("R&R") that Plaintiff's Motion to Conditionally Certify a Fair Labor Standards Act ("FLSA") Collective Action and to Authorize Notice (Doc. 5) be granted in part and denied in part. (Doc. 20). Plaintiff filed timely objections (Doc. 22) and Defendant Team Pizza, Inc. and Defendant Chris Short (collectively "Defendants") filed a timely response to Plaintiff's objections (Doc. 23).

The Magistrate Judge completed a comprehensive review of the procedural background and pertinent facts of the case thus far and provided the legal framework for Plaintiff's Motion in the R&R. The same will not be repeated herein unless necessary to address Plaintiff's objections.

### I. STANDARD OF REVIEW

Plaintiff suggests that the Magistrate Judge's R&R regarding his Motion to Conditionally Certify a FLSA Collective Action and to Authorize Notice is dispositive, and

that the Court should therefore conduct a de novo review of the R&R.[1] (Doc. 22 PageID 252). However, "[a] motion for conditional certification under the FLSA is a nondispositive matter." *Rutledge v. Claypool Elec., Inc.*, No. 2:12CV0159, 2013 WL 435058, at *2 (S.D. Ohio Feb. 3, 2013). When the Court receives timely objections to a magistrate judge's R&R on a nondispositive matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)).

## II. ANALYSIS

As an initial matter, no party objects to the Magistrate Judge's R&R regarding: the finding that conditional certification is not entirely precluded; declining to consider any arbitration agreements between potential opt-in[2] plaintiffs and Defendants at this juncture;

---

[1] When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

[2] An FLSA "collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed

a 45-day notice period; the Notice's caption; the addition of Defendants' requested "good faith" language in the Notice; the addition of Defendants' requested "consequences and responsibilities of joining the lawsuit" language in the Notice; the removal of the initial reference to Plaintiff's counsel in Section 3 in the Notice; the modification of Section 4, the anti-retaliation section, in the Notice; allowing opt-in plaintiffs to electronically sign their opt-in forms; keeping the "consent to join" forms as Plaintiff proposed; or Defendants providing Plaintiff with telephone numbers of the putative class members. *Compare* (Doc. 20), *with* (Docs. 22, 23). The Court will adopt those findings of fact and conclusions of law that are not objected to, *see Thomas v. Arn*, 474 U.S. 140, 150-52 (1985), and turn to Plaintiff's objections regarding the proper geographic scope of the conditionally certified class and when the statute of limitations for opt-in plaintiffs should start to run, *see* (Doc. 22).

    a. **Geographic Scope**

The Magistrate Judge found that Plaintiff provided sufficient evidence such that his Motion to Conditionally Certify a FLSA Collective Action should be granted in part to the extent he seeks conditional certification of a class of delivery drivers at the Akron, Ohio, Team Pizza location where he worked[3] as a delivery driver and should be denied in part to the extent he seeks conditional certification of a nationwide class of delivery drivers who worked at any Team Pizza location owned or operated by Defendants. (Doc. 20 PageID 204-12). Plaintiff objects and contends that he provided enough evidence to suggest that

---

under Rule 23." *Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544, 2020 WL 2615514, at *3 (N.D. Ohio May 22, 2020) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).

[3] Defendants assert that Plaintiff worked at a Fairlawn, Ohio location, in a suburb of Akron, Ohio, and did not work at their Akron, Ohio location. (Doc. 23 PageID 255 n.1); *see* (Doc. 12 ¶ 78) (Answer); *see also* (Doc. 22 PageID 247) (Plaintiff's Objections) ("Consider that Defendants, a single employer, own two Domino's pizza stores in Akron that are separated by less than 6 miles. They also own stores in nearby Canton, Fairlawn, and Cleveland."). To be clear, the Court's ruling applies to the store at which Plaintiff actually worked as a delivery driver, and trusts that the parties can agree on that location.

he is similarly situated to all other delivery drivers employed by Defendants, not just at the store where he worked, such that nationwide conditional certification is proper. (Doc. 22 PageID 242-48). He cites his Complaint, sworn declaration, and Defendants' Answer, along with this Court's holding in *Thomas v. Papa John's Int'l, Inc.*, No. 1:17CV411, 2019 WL 4743637, at *1 (S.D. Ohio Sept. 29, 2019), for support. (Doc. 22 PageID 242-48).

Starting with Plaintiff's reliance on his Complaint and Declaration, he argues that those documents provide "robust allegations" that he is similarly situated to all of other delivery drivers employed by Defendants nationwide. (*Id.* PageID 242). Plaintiff, though, does not direct the Court to any specific allegation, or allegations, in his Complaint and only asserts that the allegations in the Complaint are relevant. (*Id.* PageID 243 n.3). The Court does not disagree, but is not convinced that the allegations in his Complaint, alone, are sufficient to properly grant conditional certification of a nationwide class.

Plaintiff next contends that his "declaration alone establishes that [he] was similarly situated to other delivery drivers because they were all subject to the same or similar automobile expense reimbursement policies." (*Id.* PageID 243). He, again, fails to cite to a specific allegation, or allegations, in his declaration that supports this statement. *Id.* A review of his declaration as a whole does not reveal that he has actual knowledge about any other, or all, of Defendants' stores outside of the location where he worked and spoke with his co-workers and manager. (Doc. 5-1) (Michael Bradford Decl.). While it is true that "[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration," that document must still "set[] forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." *Cook v. Brewster*, No. 5:20-CV-0445, 2020

4

WL 5891904, at *5 (N.D. Ohio Oct. 5, 2020). And. "declarations that meet this standard typically contain first-hand observations of employees at other locations, or other relevant evidence, showing a unified policy that applied to all employees." *Id.* (collecting cases). The Court agrees with the Magistrate Judge that Plaintiff's declaration does not establish that he has any knowledge of Defendants' other locations' pay structures or policies, or that an across-the-board pay structure exists for all of Defendants' locations. (Doc. 22 PageID 206-07).

Turning to Plaintiff's contention that Defendants admitted that all of their "delivery drivers are similarly situated for the purposes of automobile expense reimbursement," (Doc. 22 PageID 243) (citing (Doc. 12 ¶ 63)), the Court disagrees with Plaintiff's characterization of that paragraph of Defendants' Answer for purposes of conditional certification, *see* (Doc. 12 ¶ 63). Likewise, Plaintiff's reliance on the similarity of his case, and single declaration, to that of the plaintiff's case, and single declaration, in *Thomas*, 2019 WL 4743637, is misplaced. The corporate structure of the Defendants in this matter is different than that of the defendants in *Thomas* which involves franchisee defendants and a franchisor defendant. In *Thomas*, nearly two years had passed before the Court ruled on the plaintiff's motion to conditionally certify an FLSA collective action, as the Court had to first rule on the defendants' motions to dismiss; the information the Court obtained in reviewing the motions to dismiss necessarily supplemented the single declaration presented with the plaintiff's motion to conditionally certify an FLSA collective action. Additionally, the plaintiff in *Thomas* requested certification of a collective class of delivery drivers at the franchisee defendants' nine Papa John's locations in one city, Cincinnati, Ohio. *Thomas*, 2019 WL 4743637, at *1. Here, Plaintiff requests certification of a collective

5

class of delivery drivers at Defendants' stores nationwide, specifically throughout various cities in Ohio, Kentucky, and Indiana. (Doc. 5 PageID 37). The facts of *Thomas* and this case are readily distinguishable such that the Magistrate Judge's R&R does not directly contradict *Thomas* as Plaintiff repeatedly asserts. (Doc. 22). Finally, and in a similar vein, Plaintiff appears to suggest that there is some different, even more lenient, standard for motions to conditionally certify FLSA collective actions in pizza delivery driver cases in this District. (*Id.* PageID 239, 246, 248). The Court is aware of no such standard.

In sum, Plaintiff does not persuade the Court that any part of the R&R regarding the proper geographic scope of the class is clearly erroneous. *See* FED. R. CIV. P. 72(a).

### b. Statute of Limitations for Opt-In Plaintiffs

The Magistrate Judge recommends that the statute of limitations for opt-in plaintiffs in this matter start to run from the date on which the undersigned issues an order authorizing notice *i.e.*, adopting the R&R and granting conditional certification and authorizing notice. (Doc. 20 PageID 213-14). Plaintiff objects and argues that the statute of limitations for opt-in plaintiffs should begin to run from the date that he filed his Complaint. (Doc. 22 PageID 248-52). Plaintiff contends that if the Court adopts the recommendation then the Court will improperly exclude putative opt-in plaintiffs whose claims would expire between the date that he filed the Complaint and the date that the Court issues an order authorizing notice. *Id.*

An action under the FLSA may be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful[4] violation may be

---

[4] To establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

commenced within three years after the cause of action accrued."[5] 29 U.S.C. § 255(a). In a collective FLSA action, the named plaintiff's claim is deemed filed on the date that he files the complaint so long as he also files written consent to join the collective action on that same date. 29 U.S.C. § 256(a); *see e.g.*, (Docs.1, 1-4). For an individual not named in the complaint, his claim is considered to be filed on the date that he files written consent to opt-in as a party plaintiff with the court. 29 U.S.C. § 256(b).

The Magistrate Judge explained that the opt-in mechanism of the FLSA necessarily involves some lapse of time between the date on which a collective action is commenced and the date on which each opt-in plaintiff files his or her consent form and, despite this lapse, Congress chose not to automatically toll the statute of limitations from the date on which the collective action was filed. (Doc. 20 PageID 214 n.3) (citing *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *7 (S.D. Ohio Feb. 26, 2015)); *Baden–Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007); *cf. Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (explaining that the FLSA statute of limitations demonstrates Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint.") (citation omitted). The Magistrate Judge also explained that "the weight of authority within the Southern District of Ohio indicates the class period should run from the date of an

---

[5] A cause of action under the FLSA accrues on the date that payment is owed. *Feustel v. CareerStaff Unlimited, Inc.*, No. 1:14CV264, 2015 WL 13022173, at *1 (S.D. Ohio Mar. 26, 2015). Each paycheck that fails to include wages that are owed constitutes a separate violation. *Id.* "Thus, a new cause of action accrues with the receipt of each paycheck." *Id.* (quoting *Viciedo v. New Horizons Computer Learning Ctr. of Columbus*, 246 F. Supp. 2d 886, 902 (S.D. Ohio 2003)).

Order granting conditional certification and not the filing of this lawsuit." (Doc. 20 PageID 214).

The Court is not persuaded by Plaintiff's reliance on *Thomas*, 2019 WL 4743637, as no party raised this issue and, as noted, that matter involved a two-year period in which the Court had to rule on two motions to dismiss and a motion to conditionally certify and authorize notice. Moreover, Plaintiff fails to address, or even acknowledge, the Magistrate Judge's finding regarding the current weight of authority in the District. *See* (Doc. 22). Plaintiff does not convince the Court that the Magistrate Judge's recommendation is contrary to law such that the R&R should be modified or set aside. *See* FED. R. CIV. P. 72; (Doc. 20 PageID 266) (collecting cases in the Southern District of Ohio); *see also De Angelis v. Nolan Enterprises, Inc.*, No. 2:17-CV-926, 2019 WL 6715975, at *5 n.1 (S.D. Ohio Dec. 10, 2019); *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-1225, 2019 WL 4667497, at *8 (S.D. Ohio Sept. 25, 2019).

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's Objections (Doc. 22) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 20) is **ADOPTED in its entirety**. Consistent with the Magistrate Judge' recommendations, it is **ORDERED** that Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and to Authorize Notice (Doc. 5) is **GRANTED in part** to the extent the proposed putative class is limited to delivery drivers at the Akron, Ohio Team Pizza location where Plaintiff worked and **DENIED in part** to the extent it seeks to certify a conditional nationwide class, and Plaintiff shall file an amended notice consistent with the Court's findings herein within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court