# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL BRADFORD,                        Case No. 1:20-cv-60
On behalf of himself and those           Barrett, J.
similarly situated,                      Litkovitz, M.J.
      Plaintiff,

  vs.

TEAM PIZZA, INC., *et al.*,               **REPORT AND**
      Defendants.              **RECOMMENDATION**

     This matter is before the Court on the parties' cross-motions for partial summary

judgment on the operative standard for an employer's reimbursement of vehicle-related expenses

incurred by pizza delivery drivers under the Fair Labor Standards Act ("FLSA") (Docs. 30, 31),

responses in opposition (Docs. 38, 39), notices of supplemental authority (Docs. 43, 46, 47, 49),

and responses to the notices of supplemental authority (Docs. 48, 50, 51).[1]

## I. Background

     Plaintiff Michael Bradford, an employee of defendants, initiated this action in January

2020 on behalf of pizza delivery drivers who work or worked at defendants' Domino's Pizza

stores around the country. (Doc. 1). Defendants Team Pizza, Inc. and/or Chris Short operate

Domino's Pizza stores in, but not limited to, Ohio, Indiana, and Kentucky. (*Id*. at PAGEID 1, 3-

7). The complaint alleges that defendants require delivery drivers at Team Pizza Domino's

stores to use their own cars to complete deliveries. Plaintiff is required to incur and/or pay job-

related expenses such as gasoline, maintenance expenses, and insurance for his vehicle "for the

primary benefit of [d]efendants." (*Id*. at PAGEID 8). The complaint further alleges that

---

[1] Plaintiff requested oral argument on the motion for partial summary judgment. (Doc. 30 at PAGEID 299). The undersigned finds that oral argument is not "deemed to be essential to the fair resolution of the" motions before the Court. Therefore, plaintiff's request is denied. *See* S.D. Ohio Civ. R. 7.1(b)(2).

defendants reimburse their delivery drivers a set amount for each mile they drive. The complaint states that defendants do not track, record, or reimburse the delivery drivers' actual expenses, and the reimbursement provided by defendants is less than the IRS standard business mileage rate. (*Id*. at PAGEID 9). Plaintiff alleges that defendants' reimbursement of his vehicle expenses did not fully reimburse him for those expenses, triggering a minimum wage violation under the FLSA.

Plaintiff brings federal and state law claims alleging that defendants violated the minimum wage provisions of the FLSA and Ohio law by (1) failing to properly claim a tip credit from the wages of pizza delivery drivers "because plaintiff and the FLSA collective were paid a wage rate lower than defendants informed them that they would be paid"; and (2) requiring delivery drivers to pay for automobile expenses and other job-related expenses out of pocket and not properly reimbursing them for these expenses. (*Id*. at PAGEID 17-18).

On June 29, 2020, the undersigned recommended that plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice (Doc. 5) be granted to the extent the proposed putative class is limited to delivery drivers at the Akron, Ohio Team Pizza location and denied to the extent it seeks to certify a conditional nationwide class. (Doc. 20 at PAGEID 221). The district judge adopted the Report and Recommendation in its entirety. (Doc. 32 at PAGEID 395).

On September 4, 2020, the Court ordered the parties to file cross-motions for partial summary judgment on the issue of the requisite standard for calculating an employer's reimbursement of vehicle-related expenses incurred by pizza delivery drivers under the FLSA. (Doc. 27). The matter is now fully briefed and ready for disposition.

## II. Standard of review

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002).

## III. Law governing reimbursement of expenses under the FLSA

The FLSA states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce" a statutorily minimum hourly wage. 29 U.S.C. § 206(a). The Department of Labor ("DOL") anti-kickback regulation provides that minimum wages must be paid "finally and unconditionally" or "free and clear" of job related expenses. *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 530 (6th Cir. 2017) (quoting 29 C.F.R. § 531.35). Section 531.35, the anti-kickback regulation, provides:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, *there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c).*

29 C.F.R. § 531.35 (emphasis added).  As it relates to this case, the regulation forbids a payment arrangement that shifts part the employer's business expenses to its employees when that arrangement results in the reduction of an employee's wages below the statutory minimum.

It is well-established that "pizza delivery drivers' vehicle expenses are 'tools of the trade'" pursuant to 29 C.F.R. § 531.35.  *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2021 WL 229040, at *3 (S.D. Ohio Jan. 22, 2021) (citing *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *2 (S.D. Ohio Nov. 5, 2019)); *see also Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, at *4 (S.D. Ohio Nov. 6, 2018) (recognizing that "vehicles owned by the delivery drivers are considered 'tools of the trade' within the meaning of 29 C.F.R. § 531.35.").  Moreover, "[i]n the pizza delivery context, the cost associated with delivering food for an employer is a 'kickback' to the employer *that must be fully reimbursed*, lest a minimum wage violation be triggered."  *Hatmaker*, 2019 WL 5725043 at *2 (emphasis added).  *See also Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 715 (E.D. Pa. 2014) ("Employers are required to reimburse hourly-paid employees who drive for work to cover the vehicle-related expenses they incur so their hourly wages do not fall below the minimum when those expenses are taken into account.").

The parties do not dispute that pizza delivery drivers' personal vehicles are "tools of the trade" under 29 C.F.R. § 531.35.  Likewise, the parties do not dispute that the cost associated with delivering food for an employer is considered a "kickback" that must be fully reimbursed by the employer.  They do, however, dispute the method by which an employer calculates the amount of reimbursement to employees for their vehicle expenses to prevent a "kickback" to the employer under the FLSA.

Citing to Southern District of Ohio caselaw, plaintiff argues that "the proper measure of minimum wage compliance for pizza delivery drivers is to either (1) track and pay delivery drivers' actual expenses or (2) pay the mileage reimbursement rate set by the Internal Revenue Service." (Doc. 30 at PAGEID 299) (citing *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2020 WL 1129325, at *1 (S.D. Ohio Mar. 6, 2020) (Rose, J.)).

Defendants argue that delivery drivers may be reimbursed based on a "reasonable approximation" of their vehicle expenses under 29 C.F.R. § 778.217, which is not limited to, or determined by, the IRS mileage rate for business expense deductions. (Doc. 31 at PAGEID 359). Defendants contend that "[v]irtually every federal court to address the issue at bar (with the *sole* exception of *Hatmaker*) and the Administrator [of the Wage and Hour Division of the DOL] agree" that the proper standard that a court should apply to an employer's reimbursement of vehicle-related expenses incurred by pizza delivery drivers under the FLSA is the "'reasonable approximation' method." (*Id*. at PAGEID 362) (emphasis in original). Defendants also point to a DOL's Wage and Hour Division's ("WHD") August 31, 2020 Opinion Letter, which defendants argue affirmatively finds that the "reasonable approximation" standard applies to the determination of vehicle-related expenses under the FLSA. (*Id*. at PAGEID 366-70).

Two competing approaches have emerged in courts around the country for the reimbursement of pizza delivery drivers' vehicle expenses under the FLSA. Some jurisdictions, including courts in the Southern District of Ohio, have determined that either actual expenses or the IRS standard mileage reimbursement rate is the proper standard for reimbursement of pizza delivery drivers' vehicle expenses. Conversely, courts in other jurisdictions have determined that employers are not required to use the IRS rate but instead may "reasonably approximate" pizza delivery drivers' vehicle expenses in addition to actual expenses.

Courts adopting the IRS reimbursement rate method have determined that 29 C.F.R. § 531.35, the anti-kickback regulation, is ambiguous because it lacks guidance on how the mileage rate is calculated. *See Hatmaker*, 2019 WL 5725043 at *4. *See also Waters v. Pizza to You, LLC*, __ F. Supp. 3d __, 2021 WL 1839974, at *6 (S.D. Ohio May 7, 2021). Given this ambiguity, these courts have relied on guidance provided in Section 30c15 of the DOL's Field Operations Handbook ("FOH"). The FOH instructs that for minimum wage purposes, an employer may reimburse employees at the IRS standard business mileage rate in lieu of actual costs and associated record keeping. Dept. of Labor, Wage & Hour Div., Field Operations Handbook, § 30c15(a) (issued 6/30/2000), online at https://www.dol.gov/agencies/whd/field-operations-handbook (last visited May 25, 2021). In *Hatmaker*, the Court found that "[a]s a matter of law, [] the proper measure of minimum wage compliance for pizza delivery drivers is to either (1) track and pay delivery drivers' actual expenses or (2) pay the mileage reimbursement rate set by the Internal Revenue Service." 2019 WL 5725043, at *7; *see also Waters*, 2021 WL 1839974, at *10 (same). *Cf. Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, at *4 (S.D. Ohio Nov. 6, 2018) (on motion to certify class, finding adequate reimbursement rate to be IRS mileage rate or actual reimbursement of cost without specifically discussing or adopting FOH guidance).

Courts in other jurisdictions have similarly followed the FOH guidance by holding the proper standard for reimbursement of vehicle-related expenses under the FLSA is either reimbursement of the drivers' actual expenses or reimbursement using the IRS mileage reimbursement rate. *See Zellagui*, 59 F. Supp. 3d at 716 (on motion for default judgment, following FOH and finding employer should reimburse the employee at the IRS rate or keep contemporaneous records of the drivers' actual expenses); *Burton v. DRAS Partners, LLC*, No.

2019-cv-2949, 2019 WL 5550579, at *2-4 (N.D. Ill. Oct. 27, 2019) (on default judgment, holding IRS mileage rate is an appropriate method to determine minimum wage violations under FLSA kickback theory where employer failed to maintain detailed records of employees' expenses pursuant to FOH).[2]

Conversely, other courts have determined that employers may reimburse pizza delivery drivers' expenses under the "reasonable approximation" standard set forth in 29 C.F.R. § 778.217, which explains how reimbursements are treated for calculating overtime rates under the FLSA. Some courts that have adopted the "reasonable approximation" standard have determined the overtime rate regulation of § 778.217 applies to the calculation of the minimum wage under the anti-kickback regulation, 29 C.F.R. § 531.35, because "[s]ection 531.35 specifically incorporates § 531.32(c), which in turn incorporates § 778.217." *Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-1199, 2020 WL 5076756, at *2 (D. Colo. Aug. 26, 2020). *See also Blose v. Jarinc, Ltd.*, No. 1:18-cv-2184, 2020 WL 5513383, at *2 (D. Colo. Sept. 14, 2020); *Wass v. NPC Intern., Inc.*, 688 F. Supp. 2d 1282, 1285-86 (D. Kan. 2010). Other courts have also applied the reasonable approximation standard of 29 C.F.R. § 778.217, albeit without addressing the issue of the FOH IRS rate advanced by plaintiff in this case. *See, e.g., Bordeau v. V & J Emp. Serv., Inc.*, 1:17-cv-188, 2018 WL 2041617 (N.D. N.Y. Mar. 27, 2018) (employers may

---

[2] Plaintiff cites other cases in support of his claim that the IRS reimbursement rate is the relevant standard for reimbursement of vehicle expenses, but those cases were decided in a procedural posture different from the case at bar and are of limited relevance. *See, e.g., Orth v. J & J & J Pizza, Inc*., No. 19-cv-10709, 2020 WL 1446735, at *3 (D. Mass. Mar. 25, 2020) (on motion to dismiss, rejecting defendants' argument that plaintiff's failure to state his own *actual* vehicle expenses fatal to FLSA claim, and finding FOH, while not binding, supports plausibility of complaint at motion to dismiss stage); *Young v. Rolling in the Dough, Inc*., No. 1:17-cv-7825, 2020 WL 969616, at *1 (N.D. Ill. Feb. 27, 2020) (on unopposed motion for final approval of the class action settlement, noting plaintiff's claim that reimbursement of vehicle expenses is governed by *Hatmaker*, 2019 WL 5725043, which "[d]efendants deny. . . .").

reasonably approximate the vehicle-related expenses of their delivery employees for reimbursement purposes); *Perrin v. Papa John's Int'l, Inc.*, No. 4:09cv1335, 2013 WL 6885334, at *7 (E.D. Mo. Dec. 31, 2013) (noting DOL regulations are entitled to judicial deference).

## IV. Resolution

The issue in this case is what standard should apply to an employer's reimbursement of vehicle-related expenses incurred by pizza delivery drivers under the FLSA. The FLSA requires an employer to pay "wages" at specified minimum rates, *see* 29 U.S.C. § 206(a),[3] but the Act does not address the reimbursement of vehicle-related expenses at issue in this case. The anti-kick-back regulation, 29 C.F.R. § 531.35, provides that when an employee provides tools of the trade for the performance of the employer's work, there is "a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid [to the employee] under the Act." 29 C.F.R. § 531.35.

Plaintiff contends the anti-kickback regulation is ambiguous, and therefore resort to the guidance of the FOH is warranted, as determined by the *Hatmaker* court.[4] Plaintiff argues that

---

[3] A "wage" is defined to include "the reasonable cost, . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees. . . ." 29 U.S.C. § 203(m).

[4] Section 30c15 of the DOL's FOH, upon which the *Hatmaker* court relied, provides:

**30c15 Car expenses: employee's use of personal car on employer's business.**

In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.

**(a)** *As an enforcement policy*, the IRS *standard business mileage rate* found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a pro-rate basis.

Section 531.35 is ambiguous because it does not provide a methodology or guidance on how to calculate the mileage rate and/or expenses incurred by an employee related to operating his or her own vehicle for work purposes, i.e., delivering pizza on behalf of his or her employer. (Doc. 30 at PAGEID 317). Plaintiff therefore argues that the Court should defer to the FOH which is the "agencies' reasonable reading[] of [the] genuinely ambiguous regulation[.]" (*Id*. at PAGEID 320, 324, citing *Kisor v. Wilkie*, __ U.S. __, 139 S.Ct. 2400, 2408 (2019)).

Defendants argue that the anti-kickback regulation, 29 C.F.R. § 531.35, is unambiguous because it specifically cross-references § 531.32, which in turn references § 778.217 for "a discussion of reimbursement for expenses such as . . . 'travel expenses,' etc.'" 29 C.F.R. § 531.32(c). Section 778.217 specifies that employers may "reasonably approximate" expenses for purposes of reimbursing employees for tools of the trade. Defendants contend that "[b]y these direct incorporations by reference, there is a straight line from the 'free and clear' minimum wage provisions to § 778.217's 'expense reimbursement' provisions." (Doc. 31 at PAGEID 363). Defendant further argues that section "778.217 is the sole regulation that governs expense reimbursements" which "declares at the outset that, as a general rule, expense reimbursement may be in an amount that '*reasonably approximates* the expense incurred[.]' *Id*. § 778.217(a)." (*Id*. at PAGEID 363) (emphasis in original). Defendants argue that even if the anti-kickback regulation is ambiguous, the DOL has clarified through an opinion letter (FLSA2020-12, at 3) the applicability of the reasonable approximation standard.[5]

_____

      **(b)** The IRS standard business mileage rate may be used in lieu of actual costs for FLSA purposes *whether or not* the employee will be able to take a deduction on his or her tax return for the business use of the employee's car.

*Id*. (emphasis in the original).

[5] On August 31, 2020, the WHD issued an Opinion Letter concerning compliance with the FLSA minimum wage requirements when reimbursing hourly, nonexempt delivery drivers for business-related expenses incurred while using their personal vehicles during the course of employment to deliver pizza and other foods. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2020-12 (Aug. 31, 2020). The Opinion Letter states that the WHD

As an initial matter, the Court must determine whether 29 C.F.R. § 531.35 is genuinely ambiguous. *Kisor*, 139 S.Ct. at 2415. If so, the Court may then resort to guidance from the DOL, such as the FOH or DOL Opinion letter, because courts generally should defer to an agency's reasonable construction of its own regulations. *Id.* at 2408 (citing to so-called "*Auer* deference," pursuant to *Auer v. Robbins*, 519 U.S. 452 (1997)). "[W]hen 'the meaning of [a regulation] is in doubt,' the agency's interpretation 'becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Id.* at 2411 (citing *Bowles v. Seminole Rock & Sand Co*., 325 U.S. 410, 414 (1945)). However, "not every reasonable agency reading of a genuinely ambiguous rule should receive *Auer* deference. . . . [A] court must make an independent inquiry into whether the character and context of the agency interpretation entitles it to controlling weight." *Id.* at 2416 (citing *Christopher v. SmithKline Beecham Corp*., 567 U.S. 142, 155 (2012); *United States v. Mead Corp*., 533 U.S. 218, 229-231, 236-237 (2001)). Importantly, however, "[i]f uncertainty does not exist, there is no plausible reason for deference. The regulation then just means what it means—and the court must give it effect. . . ." *Id*. at 2415.

In determining whether Section 531.35 is genuinely ambiguous with respect to the proper reimbursement method for pizza delivery drivers' vehicle expenses under the FLSA, the Court "must exhaust all the 'traditional tools' of construction." *Kisor*, 139 S.Ct. at 2415 (quoting

---

regulations "permit[] employers to reimburse a reasonable approximation of expenses incurred for the employer's benefit rather than the actual amount of expenses incurred." *Id*. at 2 (citing 29 C.F.R. §§ 531.32(c), 778.217). The WHD opined that the IRS business standard mileage rate "is optional, not required" and the "regulations specifically allow other methods of approximation." *Id*. at 3. The WHD explained that the "FOH provides two means of calculation here [the IRS rate or actual expenses], but that does not foreclose other methods, such as a reasonable approximation of expenses." *Id*. at 4. The Opinion Letter specifically provides that the "WHD does not endorse particular methods of approximating employees' expenses for reimbursement." *Id*. The Opinion Letter concludes that WHD "regulations permit reimbursement of a reasonable approximation of actual expenses incurred by employees for the benefit of the employer by any appropriate methodology; the IRS business standard mileage rate is not legally mandated by WHD's regulations but is presumptively reasonable. . . ." *Id*. at 7.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n. 9 (1984)).  The Court "must 'carefully consider[ ]' the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back on. . . . .  Doing so will resolve many seeming ambiguities out of the box, without resort to *Auer* deference." *Id.*  "Regulations promulgated to effect the purpose of a statute are to be construed in accordance with the well-established principles of statutory construction." *In re Arctic Exp. Inc.*, 636 F.3d 781, 791 (6th Cir. 2011).  In interpreting a regulation, the Court looks "first to the plain and unambiguous meaning of the regulation, if any." *United States ex rel. Prather v. Brookdale Senior Living Communities, Inc.*, 838 F.3d 750, 763 (6th Cir. 2016) (internal quotation marks and citation omitted).  "Plain meaning is examined by looking at the language and design of the [regulation] as a whole." *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 657 (6th Cir. 2011) (internal quotation and citation omitted).  The Court must "giv[e] effect to each word and mak[e] every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Id.* (quoting *Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir. 1998) (in turn quoting *Lake Cumberland Trust, Inc. v. U.S. E.P.A.*, 954 F.2d 1218, 1222 (6th Cir. 1992)).

Therefore, the Court starts with the text of Section 531.35.  *See Food Mktg. Inst. v. Argus Leader Media*, __ U.S. __, 139 S.Ct. 2356, 2364 (2019) ("In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself.").  As referenced earlier, § 531.35 provides that the minimum wage must be paid "finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35.  Section 531.35 further provides that "[t]he wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit

the whole or part of the wage delivered to the employee." *Id*. As relevant to this case, the

regulation further provides:

> For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek *when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c).*

29 C.F.R. § 531.35 (emphasis added).

In the pizza delivery driver context, the "cost" of the tools of the trade are the expenses

associated with a delivery driver's personal vehicle. An employer may not effectively shift this

cost to the employee by reimbursing vehicle expenses in an amount that results in the reduction

of an employee's wages below the statutory minimum. Plaintiff contends that the failure of the

regulation to explain how such costs should be calculated makes the regulation genuinely

ambiguous such that resort to the longstanding-guidance of the FOH is warranted. The Court

disagrees. While the term "cost" is not specifically defined within § 531.35, the language of the

regulation does not stop there. Section 531.35 references a second regulation, 29 C.F.R. §

531.32(c), as a "[s]ee also in this connection." Thus, the plain language of the regulation directs

the reader to § 531.32(c) for further guidance when, as here, the cost of the tools of the trade cuts

into the required minimum or overtime wages. Accepting plaintiff's reading of the anti-kickback

regulation would require the Court to ignore the language and import of the "see also" phrase in

the regulation, which is contrary to the rules of statutory/regulatory construction. *See Nat'l Air

Traffic Controllers Ass'n*, 654 F.3d at 657 (court required to give effect to each word of

regulation so as not to render words meaningless or superfluous).

Section 531.32, the regulation referenced in the anti-kickback regulation, is entitled

"Other facilities." "Other facilities" are items furnished by the employer to the employee that

may be taken as a credit towards the employer's minimum wage obligation under the FLSA. *See* 29 U.S.C. § 203(m)(1) ("'Wage' paid to any employee includes the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees. . . ."). Section 531.32 provides that an employer may include as part of the "wage" paid to an employee "other facilities" such as housing, meals, and transportation that are provided by the employer to the employee. 29 C.F.R. § 531.32(a). However, while a "wage" includes the reasonable cost of furnishing board, lodging and other facilities, it excludes items which are primarily for the benefit of the employer. 29 C.F.R. § 531.32(c). Subsection (c) of § 531.32, which is cross-referenced in the "anti-kickback" regulation at issue in this case (29 C.F.R. § 531.35), provides in relevant part:

> It should also be noted that under § 531.3(d)(1)[6], the cost of furnishing "facilities" which are *primarily for the benefit or convenience of the employer will not be recognized as reasonable* and may not therefore be included in computing wages. Items in addition to those set forth in § 531.3 which have been held to be primarily for the benefit or convenience of the employer and are not therefore to be considered "facilities" within the meaning of section 3(m) [29 U.S.C. § 203(m)] include: . . . transportation charges where such transportation is an incident of and necessary to the employment. . . . On the other hand, meals are always regarded as primarily for the benefit and convenience of the employee. *For a discussion of reimbursement for expenses such as "supper money," "travel expenses," etc., see § 778.217 of this chapter*.

29 C.F.R. § 531.32(c) (emphasis added). In other words, an employer cannot meet its minimum wage obligation by considering the cost of an employee-provided facility which is primarily for the employer's own benefit or convenience. Included in the list of facilities which are considered to be primarily for the benefit or convenience of the employer are "[t]ools of the trade

---

[6] This section provides, "The cost of furnishing 'facilities' found by the Administrator to be primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages." 29 C.F.R. § 531.3(d)(1).

and other materials and services incidental to carrying on the employer's business," 29 C.F.R. §

531.3(d)(2), such as the personal vehicles of employees in the pizza delivery business in this

case. As indicated above, neither party disputes that delivery vehicles are tools of the trade or

that their expenses should be reimbursed by defendants.

The last sentence in Section 531.32(c) directs the reader to 29 C.F.R. § 778.217 "[f]or a

discussion of reimbursement for expenses such as . . . 'travel expenses'. . . ." 29 C.F.R. §

531.32(c). Section 778.217 appears in Subpart C of Title 29, Chapter V[7] and governs how

reimbursements are treated for calculating overtime rates (i.e., one and one-half times the

"regular rate"). 29 C.F.R. § 778.217. This section sets forth the types of expenses that are not

considered part of an employee's regular rate, authorizes an employer to reimburse such

expenses in an amount that "reasonably approximates the expenses incurred," and excludes from

the regular rate the reasonably approximated reimbursement amounts. Section 778.217 provides

in relevant part:

> (a) General rule. Where an employee incurs expenses on his employer's behalf or
> where he is required to expend sums by reason of action taken for the convenience
> of his employer, section 7(e)(2)[8] is applicable to reimbursement for such expenses.
> Payments made by the employer to cover such expenses are not included in the
> employee's regular rate (*if the amount of the reimbursement reasonably
> approximates the expense incurred*). Such payment is not compensation for
> services rendered by the employees during any hours worked in the workweek.
>
> (b) Illustrations.[9] Payment by way of reimbursement for the following types of
> expenses will not be regarded as part of the employee's regular rate:
> * * *

---

[7] 29 C.F.R. § 778, entitled "Overtime Compensation" (29 C.F.R. Part 778) "contains the Department of Labor's general interpretations with respect to the meaning and application of the maximum hours and overtime pay requirements contained in section 7 of the [FLSA]." 29 C.F.R. § 778.1(a).

[8] Section 7(e)(2) of the FLSA provides that the term "regular rate" includes all remuneration for employment paid to an employee, but does not include "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer. . . ." 29 U.S.C. § 207. *See also* 29 C.F.R. § 778.216.

[9] This section specifies that the examples listed in subsection (b) are illustrative rather than exhaustive. 29 C.F.R. § 778.217(b).

> (3) The *actual or reasonably approximate amount expended* by an employee, who is traveling "over the road" on his employer's business, for transportation (whether by private car or common carrier) and living expenses away from home, other travel expenses, such as taxicab fares, incurred while traveling on the employer's business.

29 C.F.R. § 778.217 (emphasis added). Section 778.217 permits an employer to reasonably approximate the expenses an employee incurs on his employer's behalf.

Employing the usual tools of statutory interpretation requires the Court to examine the language and design of the regulatory scheme and not to interpret the regulation in a way that renders a provision "meaningless or superfluous." *Nat'l Air Traffic Controllers Ass'n*, 654 F.3d at 657. Reading the regulatory scheme as a whole, as the Court must, the Court finds the anti-kickback regulation of 29 C.F.R. § 531.35 is not genuinely ambiguous because the plain language of the regulation incorporates by reference § 531.32(c), which in turn specifically incorporates § 778.217. Section 778.217 answers the question by which method should employee-provided tools of the trade expenses be reimbursed. It excludes from an employee's regular rate the expenses that are reimbursed by the employer so long as the amount of "reimbursement reasonably approximates the expenses incurred." 29 C.F.R. § 778.217(a). To conclude, as plaintiff urges, that § 531.35 is ambiguous because it does not itself set forth a methodology for calculating reimbursement of expenses would require the Court to ignore the language of the regulations that leads to the answer – Sections 531.32(c) and 778.217, which are incorporated by reference in the anti-kickback regulations. This the Court cannot do. Because § 531.35 is not ambiguous, the Court's inquiry stops, and resort to either the FOH or DOL opinion letter is not warranted. *See Deutsche Bank Nat. Tr. Co. v. Tucker*, 621 F.3d 460, 463 (6th Cir. 2010) ("If the statutory language is unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced.") (internal quotation and citation omitted).

Plaintiff makes several arguments against this approach. First, plaintiff argues that § 531.35's incorporation by reference of the "Other facilities" regulation, 29 C.F.R. § 531.32(c), merely provides insight as to what constitutes an "Other facility" and who – the employer or employee – primarily benefits from the item in question. (Doc. 30 at PAGEID 345). Plaintiff contends the "'Other facilities' regulation itself has no bearing on reimbursement." (*Id.*). Again, plaintiff's reading of the regulation ignores the plain language of § 531.32(c): "For a discussion of *reimbursement for expenses* such as "supper money," "*travel expenses*," etc., see § 778.217 of this chapter." (emphasis added). Plaintiff's construction of § 531.32 would render the "reimbursement for expenses" provision meaningless and superfluous. *See Nat'l Air Traffic Controllers Ass'n*, 654 F.3d at 657.

Plaintiff also argues the "reasonable approximation" standard found in 29 C.F.R. § 778.217 is limited to computing FLSA overtime. Plaintiff asserts that this regulation expressly covers reimbursement for expenses that may be excluded from the "regular rate" in determining overtime compensation, and its placement in the section of the regulations governing overtime shows it is not applicable to determining the minimum wage under § 531.35. But accepting plaintiff's argument that the IRS rate is the sole rate that must be used in determining the regular rate for minimum wage purposes is contrary to the plain language of the anti-kickback regulation (29 C.F.R. § 531.35), which incorporates by reference this standard as explained above. [10]

Plaintiff also argues that even if the anti-kickback regulation (§ 531.35) is construed as incorporating the "reasonable approximation" standard of § 778.217, the term "reasonable

---

[10] In addition, accepting plaintiff's argument means an employer, if not using actual expenses, would be required to use one rate (i.e., the IRS rate) for meeting its minimum wage obligations but another rate (i.e., the reasonable approximation rate) in computing the regular, minimum wage for overtime hours. This leads to an incongruous situation whereby an employer assesses its minimum wage obligation (under § 531.35) differently that it would when it computed the employee's "regular rate" for overtime wages (under § 778.217) for the very same employee vehicle expenses.

approximation" is in itself ambiguous and resort to the FOH should be had to guide the interpretation of that term. Defendants contend that the term "reasonable approximation" is not genuinely ambiguous and *Auer* deference is not warranted in this case.

The Court cannot say that the meaning of the term "reasonable approximation" is genuinely ambiguous. Plaintiff contends the term is ambiguous because it lacks guidance on the method by which expenses may be approximated. Again, the Court disagrees. Section 778.217 itself clarifies the term "reasonable approximation":

(c) Payments excluding expenses.

(1) It should be noted that only the actual or reasonably approximate amount of the expense is excludable from the regular rate. *If the amount paid as "reimbursement" is disproportionately large, the excess amount will be included in the regular rate.*

(2) A reimbursement amount for an employee traveling on his or her employer's business is per se reasonable, and *not disproportionately large*, if it:

(i) Is the *same or less than the maximum reimbursement payment or per diem* allowance permitted for the same type of expense under 41 CFR subtitle F (the Federal Travel Regulation System) or IRS guidance issued under 26 CFR 1.274–5(g) or (j); and

(ii) Otherwise meets the requirements of this section.

(3) Paragraph (c)(2) of this section creates no inference that a reimbursement for an employee traveling on his or her employer's business exceeding the amount permitted under 41 CFR subtitle F (the Federal Travel Regulation System) or IRS guidance issued under 26 CFR 1.274–5(g) or (j) is unreasonable for purposes of this section.

29 C.F.R. § 778.217 (emphasis added). The plain language of this section not only contemplates a reimbursement at less than the IRS rate, *see* § 778.217(c)(2)(i), it also explains that a reimbursement rate that is disproportionately large is not reasonable.

In addition, the term "reasonable" is firmly rooted in American jurisprudence to encompass a variety of circumstances based on the particular facts and circumstances of the case. The fact that there may be different *methods* used to calculate a "reasonable approximation" does not mean the term itself is genuinely ambiguous. Courts and Congress have long used the term "reasonable" to denote a particular quality of a term or concept, such as reasonable doubt, reasonable attorney fee, and reasonable time, place, and manner. Merriam-Webster defines the word "reasonable" to mean "not extreme or excessive" and "moderate, fair." *See* https://www.merriam-webster.com/dictionary/reasonable (last visited May 25, 2021). *See Burnette Foods, Inc. v. United States Dep't of Agric.*, 920 F.3d 461, 468 (6th Cir. 2019) (where federal regulations do not define a term, courts may consult a dictionary to discern the term's plain meaning). In opining on another provision of the FLSA that permitted an employee to use some or all of his accrued comp time within a *reasonable period* after requesting such use, provided that this does not unduly disrupt the employer's operation, the Sixth Circuit noted that "[u]se of the term 'reasonable' is intended to accommodate varying work practices based on the facts and circumstances of each case." *Beck v. City of Cleveland, Ohio,* 390 F.3d 912, 921 (6th Cir. 2004) (citing legislative history). *See also Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("Since the FLSA does not discuss what constitutes a reasonable fee, [t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.") (citation and internal quotation marks omitted). In fact, one need look no further than *Kisor*, where the Supreme Court explained the standard a court must apply in the face a genuinely ambiguous regulatory term: "the agency's reading must still be '*reasonable.*'" *Id*. at 2415 (emphasis added) (citation

18

omitted). Courts and juries are often called upon to determine whether an action is "reasonable," and the fact that a methodology for determining a reasonable approximation of reimbursement for expenses is not included in the regulation does not make the term "reasonable approximation" as used in § 778.217 genuinely ambiguous. The undersigned agrees with the court's analysis in *Kennedy* on this issue:

> The Court finds that the term "reasonably" is vague, but not ambiguous. Vagueness "is often intentional, as general terms (**reasonable** time, best efforts, equal protection) are adopted to cover a multitude of situations that cannot be spelled out in detail or even foreseen." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (2012) (emphasis added). The term "reasonable" allows the Court the discretion to tailor the regulation to the circumstances before it, and this Court routinely applies statutory standards of reasonableness without finding ambiguity. In this case, the Court finds that the regulations are not ambiguous and, therefore, the Court does not defer to the DOL's interpretation of the regulations as written in the FOH. *See Kisor*, 139 S. Ct. 2400 (clarifying that genuine ambiguity is a pre-requisite to *Auer* deference).

*Kennedy*, 2020 WL 5076756, at *5 (emphasis in original).

Accordingly, the Court finds there is no genuine ambiguity of the term "reasonable approximation" and declines to consider the authorities of the FOH or DOL Opinion Letter for further guidance. The Court is mindful that another judge of this court has considered this same question and reached a different result. *See Hatmaker*, 2019 WL 5725043. The *Hatmaker* court found the anti-kickback regulation to be ambiguous and ultimately deferred to the FOH that provided for either reimbursement of actual expenses or reimbursement under the IRS rate. As *Hatmaker* is not binding precedent on this Court, the Court respectfully declines to follow it. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)). For the reasons discussed above, the Court finds the

regulatory language is not genuinely ambiguous and compels the conclusion that the reasonable approximation standard of § 778.217 applies to the reimbursement of vehicle expenses in this case. Accordingly, defendants may "reasonably approximate" the vehicle-related expenses in this case and are not limited to using the actual or IRS rate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's partial motion for summary judgment (Doc. 30) be **DENIED**.

2. Defendants' partial motion for summary judgment (Doc. 31) be **GRANTED**.

Date:   5/26/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL BRADFORD,                                    Case No. 1:20-cv-60
On behalf of himself and those                       Barrett, J.
similarly situated,                                  Litkovitz, M.J.
      Plaintiff,

      vs.

TEAM PIZZA, INC., *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).