**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **MICHAEL BRADFORD,** | : | **Case No.: 1:20-CV-60** |
| | : | |
| *On behalf of himself and those* | : | **Judge Michael R. Barrett** |
| *similarly situated,* | : | |
| | : | **Magistrate Judge Karen L. Litkovitz** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TEAM PIZZA, INC.; CHRIS SHORT;** | : | |
| **DOE CORPORATION 1-10; JOHN** | : | |
| **DOE 1-10,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
<u>OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION</u>**

**FISHER & PHILLIPS LLP**

/s/ Mathew A. Parker
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, OH 43215
Telephone: (614) 453-7608
Facsimile: (614) 221-1409
mparker@fisherphillips.com

Kathleen McLeod Caminiti (*pro hac vice*)
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone: (908) 516-1062
Facsimile: (908) 516-1051
kcaminiti@fisherphillips.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.    INTRODUCTION. ................................................................................................ 1

II.   STANDARD OF REVIEW. ................................................................................ 3

III.  THE R&R CORRECTLY RECOGNIZES THAT THE PLAIN MEANING OF THE REGULATIONS CONTROLS. ........................................................................... 4

IV.  THE R&R PROPERLY FOUND THAT EMPLOYERS MAY "REASONABLY APPROXIMATE" EXPENSES. ........................................................................... 5

    A.   The R&R Properly Found that 29 C.F.R. § 778.217 Applies to 29 C.F.R. § 531.35. ........................................................................................ 6

        1.   Section 531.35 expressly incorporates § 778.217's reasonable approximation standard by reference. ........................................ 6

        2.   Section 531.35 applies to both minimum wage and overtime, further emphasizing its direct link to § 778.217. ............................ 7

        3.   FOH § 30c15 is invalid if construed as mandating use of the IRS Rate. ............. 8

    B.   Plaintiff Waived the Argument That 29 C.F.R. § 778.217(b)(1) Controls, Which in Any Event is Incorrect. ........................................... 9

        1.   Plaintiff waived his argument by failing to raise it before the Magistrate Judge. ............................................................................. 9

        2.   In any event, Plaintiff's argument is also wrong because § 778.217(b)(1) does not pertain to delivery-related vehicle expenses. .............................. 10

    C.   The Term "Reasonably Approximate" is Not "Genuinely Ambiguous," and Who Can "Best" Approximate is an Irrelevant Question. ............................... 11

V.   THE R&R IS ALIGNED WITH THE MAJORITY OF COURT DECISIONS AND IT COMPORTS WITH THE FLSA AND THE REALITIES OF THE INDUSTRY. ............ 14

    A.   Federal Courts Around the Country Agree That Employers May "Reasonably Approximate" Mileage Reimbursements. .................................... 14

    B.   The "Reasonably Approximate" Standard Comports with the Realities of Calculating Expenses and with the DOL's Recordkeeping Requirements. ... 17

    C.   The Standard for Which Plaintiff Advocates Would Impermissibly Shift the Burden of Proof. ............................................................................. 18

    D.   The Reasonable Approximation Standard is Proper for Delivery Driver Expenses. ...................................................................................... 19

VI.  EVEN IF A GENUINE AMBIGUITY EXISTED, THE RESULT WOULD BE THE SAME, SINCE THE OPINION LETTER WOULD CONTROL. ...................................... 21

    A.   Under *Kisor v. Wilkie*, Deference is Due to FLSA2020-12, Not FOH § 30c15. . 22

    B.   *Waters*, Like *Hatmaker*, Should Be Disregarded. ................................ 23

VII. CONCLUSION ................................................................................................. 26

## TABLE OF AUTHORITIES

**CASES**

*Allen v. Int'l Truck & Engine Corp.*, No. 07CV361, 2009 WL 863591
(S.D. Ohio Mar. 31, 2009) ........................................................................ 10

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ......................................... 19

*Audi v. Barr*, 839 F. App'x 953 (6th Cir. 2020) ...................................................... 13

*Beltran v. Maxfield's, LLC*, No. 13-C-1043, 2014 WL 7139808
(E.D. Wis. Dec. 12, 2014) ........................................................................ 13

*Benton v. Deli Mgmt., Inc.*, 396 F. Supp. 3d 1261 (N.D. Ga. 2019) ............................. 15

*Blose v. Jarinc, Ltd.*, No. 18-cv-02184, 2020 WL 5513383
(D. Colo. Sept. 14, 2020) .................................................................. 2, 14, 16

*Camreta v. Greene*, 563 U.S. 692, 709 (2011) ................................................... 2, 26

*Chinn v. Jenkins*, No. 3:02-CV-512, 2017 WL 1177610
(S.D. Ohio Mar. 30, 2017) .......................................................................... 3

*Deffinger v. Comm'r of Soc. Sec.*, No. 18-CV-258, 2020 WL 5247937
(S.D. Ohio Sept. 3, 2020) ........................................................................... 9

*Hatmaker v. PJ Ohio, LLC*, No. 17-CV-146, 2019 WL 5725043
(S.D. Ohio Nov. 5, 2019) ............................................................................ 2

*Jones v. Warden, Chillicothe Corr. Inst.*, No. 1:14-CV-440, 2015 WL 1197542
(S.D. Ohio Mar. 16, 2015) .......................................................................... 3

*Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199, 2020 WL 5076756
(D. Colo. Aug. 26, 2020) ..................................................................... passim

*Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) ......................................................... passim

*Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278 (E.D.N.Y. 2013) ............................. 17

*Murr v. United States*, 200 F.3d 895 (6th Cir. 2000) .............................................. 9

*O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567 (6th Cir. 2009) ............................ 19

*Peabody Twentymile Mining, LLC v. Sec'y of Labor*, 931 F.3d 992
(10th Cir. 2019) ...................................................................................... 12

*Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707 (E.D. Mo. 2015) ........................ 15

*Romero v. Barr*, 937 F.3d 282 (4th Cir. 2019) ..................................................... 12

*Rutledge v. Claypool Elec., Inc.*, No. 12-CV-0159, 2013 WL 435058
(S.D. Ohio Feb. 5, 2013) ............................................................................. 4

*Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227 (D. Colo. 2010) ................................. 15

*Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139 (N.D. Ala. 2018) .................... 15, 17, 18

*Tyler v. JP Operations, LLC*, 342 F. Supp. 3d 837 (S.D. Ind. 2018) ............................. 15

*Univ. of Cincinnati v. Bowen*, 875 F.2d 1207 (6th Cir. 1989) .................................... 8

*Viet v. Le*, 951 F.3d 818 (6th Cir. 2020) ......................................................... 19

*Vogel v. U.S. Off. Prod. Co.*, 258 F.3d 509 (6th Cir. 2001) ...................................... 3

*Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282 (D. Kan. 2010) ................................... 15

*Waters v. Pizza to You, LLC*, No. 19-cv-372, 2021 WL 1839974
(S.D. Ohio May 7, 2021) ................................................................. 2, 23, 24, 25

*Young v. UPS*, 135 S. Ct. 1338 (2015) .............................................................. 7

**STATUTES**

5 U.S.C. § 706 ................................................................................................ 9

**OTHER AUTHORITIES**

18 J. Moore et al., Moore's Federal Practice § 134.02 (3d ed. 2011) ........................................... 26
U.S. DOL, Wage & Hour Div., Opinion Letter FLSA2020-12 (Aug. 31, 2020) .................. passim

**RULES**

Fed. R. Civ. P. 72 ........................................................................................... 3

**REGULATIONS**

26 C.F.R. § 1.274-5 ........................................................................................ 7
29 C.F.R. § 531.32 ................................................................... 4, 6, 7, 13
29 C.F.R. § 531.33 ........................................................................... 13
29 C.F.R. § 531.35 ..................................................................... passim
29 C.F.R. § 778.217 ................................................................... passim

Pursuant to Fed. R. Civ. P. 72, Defendants Team Pizza, Inc. ("Team Pizza"), and Chris Short ("Short") (collectively, "Defendants"), by and through their undersigned counsel, submit this Memorandum of Law in Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 53) ("Objections," Doc. 55).

## I.    INTRODUCTION.

Plaintiff Michael Bradford ("Plaintiff") brings his claims under 29 C.F.R. § 531.35, the "anti-kickback" regulation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). In her Report and Recommendation ("R&R"), the Magistrate Judge correctly found that the anti-kickback regulation unambiguously incorporates the likewise unambiguous "reasonable approximation" standard of 29 C.F.R. §778.217, the FLSA's sole reimbursement-of-expenses regulation. The Magistrate Judge's ruling is consistent with the overwhelming authority from district courts around the country[1] and the 2020 U.S. Department of Labor ("DOL") Opinion Letter on the subject. As such, the R&R is not contrary to law, and the Court should overrule Plaintiff's Objections and adopt the R&R in its entirely.

In objecting to the R&R, Plaintiff argues the reasonable approximation standard does not apply to the anti-kickback regulation, even though it is expressly incorporated by reference. He also argues that the "reasonably approximate" language is ambiguous, even though reasonableness is a concept courts routinely apply without difficulty. Plaintiff fishes for ambiguity to justify his advocacy for mandatory reimbursement at the IRS standard business mileage rate ("IRS Rate"), a position that has no basis whatsoever in the FLSA or its implementing regulations. Plaintiff's

---

[1]    *See, e.g., Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199, 2020 WL 5076756 (D. Colo. Aug. 26, 2020); *Blose v. Jarinc, Ltd.*, No. 18-cv-02184, 2020 WL 5513383 (D. Colo. Sept. 14, 2020); *Benton v. Deli Mgmt., Inc.*, 396 F. Supp.3d 1261 (N.D. Ga. 2019); *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139 (N.D. Ala. 2018); *Tyler v. JP Operations, LLC,* 342 F. Supp. 3d 837 (S.D. Ind. 2018); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707 (E.D. Mo. 2015); *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227 (D. Colo. 2010); *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282 (D. Kan. 2010).

contention that reimbursement at the IRS Rate is mandatory rests on three paragraphs in Section 30c15 of the DOL Wage and Hour Division's ("WHD") nonbinding Field Operations Handbook ("FOH"), and the equally nonbinding opinions of the Honorable Thomas M. Rose in *Hatmaker v. PJ Ohio, LLC*, No. 17-CV-146, 2019 WL 5725043 (S.D. Ohio Nov. 5, 2019) ("*Hatmaker*"), and *Waters v. Pizza to You, LLC*, No. 19-cv-372, 2021 WL 1839974 (S.D. Ohio May 7, 2021) ("*Waters*"), that rely on the FOH.[2] However, the FOH is a 20-year-old internal guidance document for WHD employees, and Plaintiff's interpretation of the FOH has been rejected by the DOL's current, officially stated position in Opinion Letter FLSA2020-12 (Aug. 31, 2020) ("FLSA2020-12" or "Opinion Letter"), available at https://www.dol.gov/sites/dolgov/files/WHD/ opinion-letters/FLSA/2020_08_31_12_FLSA.pdf. Like the Magistrate Judge's R&R, the Opinion Letter concludes the "reasonably approximate" standard applies and that reimbursement at the IRS Rate is not required. (*See* Doc. 31, PageID 364-66.)

In short, the two decisions of a single district court judge that Plaintiff relies on are contradicted by the vast majority of decisions to have considered the issue at hand as well as the Opinion Letter.[3] Thus, this Court should adopt the R&R, which follows the reasoning of the persuasive authority from a majority of other courts across the country, and hold that the FLSA and its regulations unambiguously permit employers to reasonably approximate the vehicle-related expenses of pizza delivery drivers when reimbursing them.

In addition to being legally appropriate, adoption of the reasonable approximation standard and rejection of any mandatory use of the IRS Rate simply makes sense. The IRS Rate is itself, of

---

[2]      Decisions of trial-judges in the same district are not binding precedent. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

[3]      As discussed below, the reasoning of the *Hatmaker* decision was rejected in two separate decisions from the District of Colorado as well as the Opinion Letter. *Waters* rests on the same faulty reasoning, and thus, is likewise non-persuasive.

course, nothing more than an approximation of expenses, but only for income tax deduction purposes. Nothing in the language of the FLSA establishes it as a mandatory benchmark for purposes of the minimum wage. And for good reason, as the IRS Rate also has nothing do with the actual costs at issue here, given that the IRS Rate figure reflects a *national average* per mile rate based on stale data from the prior year that overstates costs in states with below-average automobile expenses, like Ohio. Not surprisingly, courts nationwide have recognized that neither the FLSA nor its regulations require adherence to a standard where drivers routinely receive a windfall or suffer a loss, depending upon where they live. Instead, as the R&R concluded, the FLSA provides for a flexible standard that permits employers to reasonably approximate vehicle-related expenses for purposes of reimbursement as a practical and pragmatic solution.

## II.     STANDARD OF REVIEW.

The R&R concerned a single question of law: "what standard should apply to an employer's reimbursement of vehicle-related expenses incurred by pizza delivery drivers under the FLSA"? (*See* Doc. 27.) The Magistrate Judge's decision was not "dispositive" for purposes of review in this Court because it did not dispose of any party's claims or defenses, but merely determined what standard applies to Plaintiff's minimum wage claims. *See, e.g.,* Fed. R. Civ. P. 72(a); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 514 (6th Cir. 2001); *Chinn v. Jenkins*, No. 3:02-CV-512, 2017 WL 1177610, at *1 (S.D. Ohio Mar. 30, 2017); *Jones v. Warden, Chillicothe Corr. Inst.*, No. 1:14-CV-440, 2015 WL 1197542, at *2 (S.D. Ohio Mar. 16, 2015).

Therefore, while the cross-motions before the Magistrate Judge were nominally for partial summary judgment, they were non-dispositive, and the R&R should not be set aside or modified unless it is contrary to law, Fed. R. Civ. P. 72(a), meaning it should stand unless Plaintiff, as the "aggrieved party," demonstrates the R&R's conclusions "ignore or contradict relevant precepts of

law." *Rutledge v. Claypool Elec., Inc.*, No. 12-CV-0159, 2013 WL 435058, at *2 (S.D. Ohio Feb. 5, 2013).

The R&R's conclusions do no such thing. Rather, the R&R thoughtfully applies relevant legal principles and makes correct conclusions of law after carefully weighing each party's arguments. Moreover, the Magistrate Judge independently and thoroughly explored the contours surrounding this dispute, as evidenced by the discussion of citations, arguments, and observations of both parties. The R&R is not contrary to law, and in fact, is aligned with the overwhelming majority of federal courts and the DOL on this very issue. Accordingly, Plaintiff's Objections should be overruled, and this Court should adopt the R&R in its entirely.

## III. THE R&R CORRECTLY RECOGNIZES THAT THE PLAIN MEANING OF THE REGULATIONS CONTROLS.

As a threshold matter, Plaintiff must demonstrate that 29 C.F.R. § 531.35 is "genuinely ambiguous" to justify going outside of the four corners of the FLSA's regulations to advocate for Plaintiff's interpretation of the FOH. That is a tall order: "before concluding that a rule is genuinely ambiguous, a court must exhaust all the traditional tools of construction." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) (internal quotation marks omitted). That means a court may not "wave the ambiguity flag just because it found the regulation impenetrable on first read," but rather must "carefully consider the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back on." *Id.* (internal quotation marks and brackets omitted).

The question whether the FLSA permits reimbursement of vehicle-related expenses based on a reasonable approximation is not complex and is answered after a very short, straightforward journey through the regulatory text. The inquiry begins with 29 C.F.R. § 531.35, the "anti-kickback" regulation, under which Plaintiff brings his FLSA claim. Section 531.35 incorporates by reference 29 C.F.R. § 531.32, another minimum wage provision, which in turn expressly

incorporates by reference 29 C.F.R. § 778.217, which is entitled "Reimbursement for Expenses." Critically, Section 778.217 is the *sole* FLSA regulation concerning expense reimbursement, and it gives us our answer without the need for outside guidance.

Section 778.217 unambiguously and explicitly contemplates a reimbursement that "*reasonably approximates* the expense incurred." 29 C.F.R. § 778.217(a) (emphasis added); *id.* (b)(2), (3), (5). As the R&R correctly concluded, that ends the inquiry: The plain language of the applicable regulations permits reimbursement of pizza-delivery drivers based on a reasonable approximation of their vehicle-related expenses. (Doc. 53, PageID 638, 641-46.)

## IV. THE R&R PROPERLY FOUND THAT EMPLOYERS MAY "REASONABLY APPROXIMATE" EXPENSES.

As required by *Kisor*, 139 S. Ct. at 2415, the Magistrate Judge properly conducted a careful and thorough analysis of the "text, structure, history, and purpose" of 29 C.F.R. § 531.35 (the anti-kickback regulation) and arrived at the correct conclusion—Section 778.217 applies to minimum wage compliance and unambiguously "permits an employer to reasonably approximate the expenses an employee incurs on his employer's behalf," including those related to the use of a personal vehicle to make deliveries. (Doc. 53, PageID 637, 641.) Plaintiff disagrees, making three arguments: (1) that the R&R erred in finding that § 778.217 pertains to minimum wage compliance; (2) that the R&R erred by relying on § 778.217(b)(3) because § 778.217(b)(1) should have been applied instead; and (3) that even if the reasonable approximation standard applied, the meaning of "reasonably approximate" cannot be understood in the vehicle expense reimbursement context. There is no basis for Plaintiff's Objections and the Court should reject them.

A. **The R&R Properly Found that 29 C.F.R. § 778.217 Applies to 29 C.F.R. § 531.35.**

Plaintiff's first argument is that 29 C.F.R. § 778.217 has nothing to do with 29 C.F.R. § 531.35 or minimum wage compliance because § 778.217 only concerns determination of the "regular rate" in calculating overtime. (*See* Doc. 55, PageID 660-68.) Plaintiff maintains this argument by ignoring the regulations' express, internal cross-references, which say exactly the contrary, as the Magistrate Judge correctly concluded.

1. **Section 531.35 expressly incorporates Section 778.217's reasonable approximation standard by reference.**

The most obvious connection between 29 C.F.R. § 531.35 and 29 C.F.R. § 778.217 is in the regulations' express, plain-language cross-references.

Plaintiff brings his claims under 29 C.F.R. § 531.35, entitled "'Free and clear' payment; 'kickbacks.'" (*See* Doc. 30, PageID 313-14.) Section 531.35 incorporates by reference 29 C.F.R. § 531.32(c), another minimum wage (not overtime) provision.[4] Section 531.32(c), in turn, expressly incorporates by reference 29 C.F.R. § 778.217.[5]

Section 778.217 is entitled, "Reimbursement for Expenses." It is the *sole* regulation concerning expense reimbursement and it specifically contemplates an employer reimbursing "[t]he actual or *reasonably approximate* amount expended" by employees, both generally *and* (for

---

[4] Section 531.35 provides: "Whether in cash or in facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick-back' is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. **See also in this connection, § 531.32(c).**" (emphasis added).

[5] "For a discussion of reimbursement for expenses such as 'supper money,' 'travel expenses,' etc., **see § 778.217 of this chapter.**" 29 C.F.R. § 531.32(c) (emphasis added).

example) as to those "who [are] traveling 'over the road' on his employer's business." 29 C.F.R. § 778.217(a), (b)(3) (emphasis added). Moreover, it merely *permits* but certainly does *not require* use of the IRS Rate. *See id.* § 778.217(c)(2)(i) ("A reimbursement amount for an employee traveling on his or his employer's business is *per se reasonable*" if it "[i]s the same or less than the maximum reimbursement payment or per diem allowance permitted for the same type of expense under ... IRS guidance issued under 26 CFR 1.274-5(g) or (j)") (emphasis added).[6] Thus, the regulations map a straight line from the anti-kickback minimum wage provision (§ 531.35) to the "other facilities" excludable from wages provision (§ 531.32(c)), and from there, to the "expense reimbursement" provision of § 778.217. Thus, an unmistakable, unambiguous, and explicit link exists between § 531.35's free-and-clear anti-kickback minimum wage provision and § 778.217's expense reimbursement provision.

The R&R correctly recognized that to ignore the internal references linking § 531.35 to § 778.217 would render them "meaningless or superfluous" and thus run afoul of the basic tenets of interpretation. (*See* Doc. 53, PageID 637-642.) *See Young v. UPS*, 135 S. Ct. 1338, 1352 (2015) (court's reading should ensure that "no clause is rendered superfluous, void, or insignificant").

### 2. Section 531.35 applies to both minimum wage and overtime, further emphasizing its direct link to § 778.217.

In addition to the regulations' explicit cross-references linking § 531.35 to § 778.217, § 531.35 expressly applies to "minimum *or* overtime wages." 29 C.F.R. § 531.35 (emphasis added). The plain language of § 531.35, then, confirms its application to minimum *or* overtime requirements of the FLSA, which undermines Plaintiff's argument that, despite the regulations' internal cross-references, § 778.217 cannot be consulted in interpreting § 531.35 because the

---

[6]    26 C.F.R. §§ 1.274-5(g) and (j)(2) permit the IRS Commissioner to establish mileage reimbursement rates of general applicability, including, as relevant here, the IRS Rate.

former appears in the Overtime Compensation part of the regulations. Instead, it confirms once more what the cross-references already tell us – that the interrelationship between §§ 531.35 and 778.217 work together to ensure that employees are properly paid minimum and overtime wages under the FLSA.

The R&R recognized this interrelationship as well, observing that to impose the IRS Rate as Plaintiff demands would lead to "an incongruous situation whereby an employer assesses its minimum wage obligations (under § 531.35) differently than it would when it computed the employee's 'regular rate' for overtime wages (under § 778.217) for the very same employee vehicle expenses." (Doc. 53, PageID 642 & n.10.) In other words, Section 778.217 directly implements the FLSA's minimum wage requirements.

### 3. FOH § 30c15 is invalid if construed as mandating use of the IRS Rate.

As noted, § 778.217 is the *sole* regulation concerning expense reimbursement, and it expressly permits an employer to reimburse "[t]he actual or *reasonably approximate* amount expended" by employees, and it *permits* but does *not require* use of the IRS Rate. 29 C.F.R. § 778.217(c)(2)(i). Section 778.217's incorporation by reference into the anti-kickback rule, § 531.35, means that FOH § 30c15 should be taken at its word that use of the IRS Rate is permitted rather than required – that is, it "may" be used. To construe § 30c15 as mandating use of the IRS Rate would conflict not just with the FOH's plain language, but more importantly, with § 778.217 as well. Thus, Plaintiff's argument that § 30c15 mandates the IRS rate would render the FOH invalid, since "[a]n agency's interpretation of its regulations is not entitled to deference if that interpretation is inconsistent with the regulations' plain language." *Univ. of Cincinnati v. Bowen*, 875 F.2d 1207, 1208 (6th Cir. 1989); *cf. Kisor*, 139 S. Ct. at 2411, 2415 (indicating the oft-repeated remark that agency interpretation of an ambiguous regulation is entitled to deference unless

"plainly erroneous or inconsistent with the regulation" overstates the amount of deference owed).

Likewise, if FOH § 30c15 is not an agency interpretation of that regulation, then it is not interpreting anything at all. In that case, § 30c15 would itself constitute an agency regulation, but an invalid one because its adoption did not comply with the notice and comment requirements of the Administrative Procedure Act, 5 U.S.C. § 551 et seq. ("APA"), set forth in 5 U.S.C. § 553. *See* 5 U.S.C. § 706(2)(D) (requiring a court to "hold unlawful and set aside agency action" taken "without observance of procedure required by law").

**B.    Plaintiff Waived the Argument That 29 C.F.R. § 778.217(b)(1) Controls, Which in Any Event is Incorrect.**

In his second point of error, Plaintiff contends that, assuming § 778.217 applies to expense reimbursements for minimum wage purposes (as it clearly does), the R&R should have applied the guidance contained in subsection (b)(1) rather than (b)(3). Plaintiff, however, has waived this argument as he failed to raise it before the Magistrate Judge. On the other hand, Defendants *did* note—without rebuttal—that 29 C.F.R. § 778.217(b)(1) does *not* pertain to the vehicle-related costs at issue. The Court should thus overrule this objection of Plaintiff.

**1.    Plaintiff waived his argument by failing to raise it before the Magistrate Judge.**

It is well-established that parties cannot raise new arguments or issues before the district court that were not first presented to the magistrate judge. *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act ... permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Such arguments and issues are deemed waived. *See, e.g.*, *Deffinger v. Comm'r of Soc. Sec.*, No. 18-CV-258, 2020 WL 5247937, at *1 (S.D. Ohio Sept. 3, 2020)

("[I]ssues not presented to the Magistrate Judge are deemed waived.") (collecting cases); *Allen v. Int'l Truck & Engine Corp.*, No. 07CV361, 2009 WL 863591, at *1 (S.D. Ohio Mar. 31, 2009) ("[A] party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendations before the District Court, and ... the failure to raise the argument before the Magistrate Judge constitutes the waiver of same."). Plaintiff, by failing to address the relevance of 29 C.F.R. § 778.217(b)(1) in his briefing before the Magistrate Judge, has accordingly waived the argument he now makes.

Indeed, even though Defendants expressly highlighted Subsection (b)(1) in support of their demonstration that § 778.217 permits reasonable approximation as to reimbursement of delivery-related expenses, Plaintiff failed to address it. (*See* Doc. 31, PageID 363; *see generally* Doc. 30; Doc. 38.) Plaintiff instead challenged the application of § 778.217 generally and, in the alternative, argued that "reasonably approximate" was genuinely ambiguous. The Magistrate Judge addressed both of those arguments and all of Plaintiff's other arguments but, unsurprisingly, did not discuss § 778.217(b)(1), since Plaintiff had conceded the issue by failing to address it. (*See* Doc. 53, PageID 642-46.) The R&R did not "ignore[] (b)(1) entirely," as Plaintiff suggests—Plaintiff did. Accordingly, Plaintiff's silence before the Magistrate Judge waived any argument concerning § 778.217(b)(1), and the Court should overrule Plaintiff's second point of error solely on that basis.

### 2. In any event, Plaintiff's argument is also wrong because § 778.217(b)(1) does not pertain to delivery-related vehicle expenses.

The Court should also overrule Plaintiff's second point of error as a substantive matter, because the R&R did not err in finding that § 778.217 permits reimbursement of vehicle expenses based on a reasonable approximation of actual costs. As the R&R correctly highlighted, § 778.217 declares at the outset that, as a general rule, reimbursement of employee expenses may be in an amount that "*reasonably approximates the expense incurred*." (Doc. 53, PageID 640, quoting 29

C.F.R. § 778.217(a)). Section 778.217 then goes on to address a non-exhaustive list of reimbursement scenarios and expressly states that employers may reimburse either the "actual or *reasonably approximate*" travel, transportation, and other such expenses incurred by the employee. *Id.* § 778.217(b)(3) (emphasis added). The only exception is in Subsection (b)(1), which requires reimbursement of the "actual" amount expended by an employee in "purchasing" supplies, tools, materials, cell phone plans, or equipment "on behalf of his employer." Subsection (b)(1) has no application here, since there is no allegation that Plaintiff purchased an automobile "on behalf of his employer," that is, in order to deliver pizzas for Defendants. Notably, neither in FOH § 30c15 nor in its recent Opinion Letter does the DOL even suggest that Subsection (b)(1) has any relevance in this context.

For this reason, too, the Court should overrule the Objections with respect to Plaintiff's second point of error, even if not deemed waived or conceded.

### C. The Term "Reasonably Approximate" is Not "Genuinely Ambiguous," and Who Can "Best" Approximate is an Irrelevant Question.

In his third point of error, Plaintiff contends that even if the regulations permit reimbursement in a "reasonably approximate amount" (which they do), the R&R erred by holding the term "reasonably approximate amount" unambiguous. Plaintiff, however, admits the Court is fully capable of construing, applying, and giving effect to the term; he merely contends the DOL is better suited for that role. That is not the issue here, however, and Plaintiff consequently cannot support his contention that the Magistrate Judge erred in finding the term "reasonably approximate amount" to be unambiguous.

"[T]he possibility of deference" to an agency's interpretation of one of its regulations "can arise only if a regulation is *genuinely ambiguous.* And when we use that term, *we mean it— genuinely ambiguous*[.]" *Kisor*, 139 S. Ct. at 2414 (emphasis added). Courts must "exhaust all the

'traditional tools' of construction" and "carefully consider the text, structure, history, and purpose of a regulation, *in all the ways it would if it had no agency to fall back on*," before "wav[ing] the ambiguity flag." *Id.* at 2415 (emphasis added) (internal edits and quotation marks omitted). The court must find that "real uncertainties about a regulation's meaning" remain before concluding there is a genuine ambiguity. *Id.* at 2410, 2415-16. "Genuine ambiguity" means an inability to derive the real meaning or intent of the language, *not* uncertainty as to the best method by which to effectuate its understood directives. *See Kisor*, 139 S. Ct. at 2423 (holding the court of appeals "jumped the gun" in declaring the phrase "relevant records" ambiguous); *see also* Doc. 53, PageID 644 ("The fact that there may be different *methods* used to calculate a 'reasonable approximation' does not mean the term itself is genuinely ambiguous.").[7]

Under this framework, the R&R correctly concluded that "reasonably approximate" is not genuinely ambiguous because, among other things, "this Court routinely applies statutory standards of reasonableness without finding ambiguity." (Doc. 53, PageID 645, quoting *Kennedy*, 2020 WL 5076756, at *5). And the R&R recognized that the term "reasonable" is intentionally flexible in order to "allow[] the Court the discretion to tailor the regulation to the circumstances before it." *Id.* (quoting *Kennedy*, 2020 WL 5076756, at *5). Indeed, the term "reasonable" is firmly rooted in American jurisprudence and courts have interpreted and applied the term "reasonable" for purposes of minimum wage compliance without difficulty. *See id.* at PageID 644 (collecting cases); *see also Beltran v. Maxfield's, LLC*, No. 13-C-1043, 2014 WL 7139808, at *2

---

[7]      *See also Romero v. Barr*, 937 F.3d 282, 293 (4th Cir. 2019) (finding no ambiguity in terms "any action . . . appropriate and necessary" because their plain meaning was clear, even if broad) (citing, *inter alia*, *Sossamon v. Texas*, 563 U.S. 277, 286 (2011), as noting "the word 'appropriate' is inherently context dependent"; *Armour & Co. v. Wantock*, 323 U.S. 126, 129–30 (1944), as concluding the word "necessary" "has always been recognized as a word to be harmonized with its context"; *Peabody Twentymile Mining, LLC v. Sec'y of Labor,* 931 F.3d 992, 997–98 (10th Cir. 2019) (holding that agency deference is not warranted as term "traditionally accepted," while broad, is not ambiguous).

(E.D. Wis. Dec. 12, 2014) (finding that FLSA permits including as wages the "reasonable cost" of meals); 29 C.F.R. § 531.33 (entitled "'Reasonable cost'; 'fair value'"; explaining determination of "reasonable cost")). And again, Plaintiff himself does not dispute that the Court has all the tools necessary to adjudicate the scope and meaning of "reasonably approximate," which ends the inquiry under *Kisor*. (*See* Doc. 55, PageID 673-74.)

Nonetheless, Plaintiff points to *Audi v. Barr*, 839 F. App'x 953 (6th Cir. 2020), in support of his position that the inclusion of the term "reasonable" renders a regulation ambiguous. *Audi*, however, only confirms the R&R's conclusion. In *Audi*, the court examined a regulation concerning an exception to the one-year filing requirement for an asylum petition if the asylum-seeker can show extraordinary circumstances and that the application was filed "within a reasonable period given those circumstances." *Audi*, 839 F. App'x at 958. "Reasonable period" was "neither defined in the statute nor the regulation itself" and there was no other contextual framework that could provide any additional guidance, the term "reasonable period" being found only in a single regulation. *Id.* at 961-62 & n.4. As a result, the *Audi* Court held the term presented a "genuine ambiguity." *Id.* at 961.

Here, in contrast, there is no genuine ambiguity because reasonableness is tethered to a definite subject: vehicle expenses incurred by the employee primarily for the benefit of the employer. (*See* Doc. 53, PageID 639-41, citing 29 C.F.R. §§ 531.32(c), 778.217.) In *Audi*, reasonableness was tied only to the nebulous, undefined, and contextless term "period," and nothing more.

Ultimately, knowing he faces an insurmountable battle, Plaintiff seemingly drops the pretense of suggesting that "reasonably approximate" is *genuinely* ambiguous, and instead pivots to argue that the DOL, and not the Court, is the best arbiter of cost and/or mileage valuation. This,

of course, is irrelevant to determining whether the *meaning* of the regulation is ambiguous. The expertise of the agency does not make the language of a regulation ambiguous, and if the language is not ambiguous, "there is no plausible reason for deference. The regulation then just means what it means—and the court must give it effect, as the court would any law." *Kisor*, 139 S. Ct. at 2415.

Simply, the term "reasonably approximate" is not ambiguous. As Judge Arguello observed in *Kennedy*, and as appropriately adopted by the R&R:

> The term "reasonable" allows the Court the discretion to tailor the regulation to the circumstances before it, and this Court routinely applies statutory standards of reasonableness without finding ambiguity. In this case, the Court finds the regulations are not ambiguous and, therefore, does not defer to [the plaintiff's interpretation of] the DOL's interpretation of the regulations as written in the FOH. *See Kisor*, 139 S. Ct. 2400 (clarifying that genuine ambiguity is a pre-requisite to *Auer* deference).

2020 WL 5076756, at *5; Doc. 53, PageID 645.

The same conclusion follows here, Plaintiff's objections should be overruled, and the Court should adopt the R&R in full.

## V.  THE R&R IS ALIGNED WITH THE MAJORITY OF COURT DECISIONS AND IT COMPORTS WITH THE FLSA AND THE REALITIES OF THE INDUSTRY.

### A.  Federal Courts Around the Country Agree That Employers May "Reasonably Approximate" Mileage Reimbursements.

Federal courts nationwide have considered the interplay between 29 U.S.C. §§ 531.35 and 778.217 and, like the Magistrate Judge in her R&R here, they have overwhelmingly concluded that employers may reasonably approximate employees' automobile expenses. For example:

1. *Kennedy v. Mountainside Pizza, Inc.*, 2020 WL 5076756, at *3 (D. Colo. Aug. 26, 2020) (adopting reasonable approximation standard because "the applicable regulations are not genuinely ambiguous"; noting the court "has previously applied 29 C.F.R. § 531.35 in the delivery driver context without finding that it is ambiguous");

2. *Blose v. Jarinc, Ltd.*, 2020 WL 5513383, at *2 (D. Colo. Sept. 14, 2020) ("[T]he reasonable approximation standard has acquired traction in district courts around the country.");

3. *Benton v. Deli Mgmt., Inc.*, 396 F. Supp. 3d 1261, 1275 (N.D. Ga. 2019) (holding the regulations "allow[] for employers to pay employees a 'reasonable estimate' of the employee's expenses to avoid FLSA liability");

4. *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154 (N.D. Ala. 2018) ("[A]n employer may either pay actual costs or use a reasonable approximation thereof.");

5. *Tyler v. JP Operations, LLC,* 342 F. Supp. 3d 837, 847-49 (S.D. Ind. 2018) (relevant question is "whether Defendants' reimbursement rate reasonably approximated Plaintiffs' vehicle expenses");

6. *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) ("[T]he regulations applicable to the FLSA allow employers to reasonably approximate the amount of an employee's expenses incurred on his employer's behalf[.]");

7. *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1229-30 (D. Colo. 2010) ("[T]o the extent that Plaintiffs allege automobile-related expense claims, they should be aware that under the applicable federal regulations, Defendant may approximate those expenses in reimbursing them[.]"); and

8. *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1283 (D. Kan. 2010) ("[U]nder the applicable federal regulations, defendant may reasonably approximate plaintiffs' vehicle expenses in reimbursing them[.]").

Like the R&R, other federal courts have concluded that the term "reasonably approximate" is not ambiguous. *See, e.g.*, *Kennedy*, 2020 WL 5076756, at *5. Courts also have acknowledged that application of the reasonable approximation standard is appropriate because vehicle expenses for any particular time period, such as a two-week pay period, are inherently approximations (*e.g.*, there is no scientific method to calculate depreciation, maintenance, or tire replacement for such a short time period) and require allocation between business and personal use. *See, e.g.*, *Wass*, 688 F. Supp. 2d at 1287 n.2 ("[G]iven the practical difficulties inherent in reimbursing an employee for his actual vehicle expenses incurred that relate only to his driving that vehicle for his employment (including having to apportion expenses for depreciation, maintenance, and insurance), the regulations permitting a reasonable approximation by the employer make sense."). Indeed, the IRS Rate is itself an approximation of vehicle-related expenses. Accordingly, as noted by the most recent on-point court decision (prior to the R&R), the reasonable approximation

standard has "acquired traction in district courts around the country," further evidencing that the regulations' obvious meaning is the correct one. *Blose*, 2020 WL 5513383, at *2.

Finally, in order to resolve the question once and for all, on August 31, 2020 the DOL officially confirmed what most courts had already been holding for the better part of a decade when it issued FLSA2020-12, which explained why the "reasonable approximation" standard in 29 C.F.R. § 778.217 applies to pizza delivery drivers. *See* FLSA2020-12, at 2-3 & n.2. In issuing the Opinion Letter, the DOL made it unmistakably clear that the regulations *do not require* reimbursement at the IRS Rate. "WHD concludes that its regulations permit reimbursement of a reasonable approximation of actual expenses incurred by employees for the benefit of the employer by an appropriate methodology; the IRS business standard mileage rate is not legally mandated by WHD's regulations but is presumptively reasonable[.]" *Id.* at 7.

The DOL, then, agrees with the R&R, not to mention nearly all the courts to have considered the issue: The plain language of the regulations permits reimbursement based on a reasonable approximation, and, as the R&R held, the inquiry should end there. Plaintiff's failure to mention the FLSA2020-12 until page 24 of his Objections is a tactical recognition that the DOL's endorsement of the reasonable approximation standard is fatal to his position here.

Plaintiff, of course, relies on the opinions of Judge Rose in *Hatmaker*, which reached a contrary result, and *Waters*, where Judge Rose adopted his own conclusions in *Hatmaker*. However, Judge Rose's reasoning has not been adopted by any other federal court. On the contrary, it has been rejected four times in just over 18 months—twice by separate judges in the District of Colorado, in *Blose*, 2020 WL 5513383, at *2 (rejecting *Hatmaker* and concluding that "in light of the numerous courts in this district and others that have allowed employers to reasonably approximate vehicle expenses under similar circumstances, the Court finds it would not make

sense to preclude Defendants from doing so here.") and *Kennedy*, 2020 WL 5076756, at *4 ("The Court declines to adopt *Hatmaker*'s reasoning and the standard put forth by Plaintiff because the applicable regulations are not genuinely ambiguous and the FOH is not entitled to deference pursuant to *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)."); once by the DOL, in FLSA2020-12, at 3 n.4 (rejecting *Hatmaker*'s holding that FOH § 30c15 "requires employers to choose between reimbursing actual expenses or reimbursing at the IRS standard rate" because "that would contradict the plain text of the regulations"); and now by the R&R. Thus, the R&R cannot be contrary to law, particularly as it reached a conclusion consistent with what courts nationwide have held for nearly a decade, as well as the official position of the DOL. As a result, the burden is on Plaintiff to establish, by a preponderance of the evidence, that the reimbursement he received did not reasonably approximate his expenses.

## B. The "Reasonably Approximate" Standard Comports with the Realities of Calculating Expenses and with the DOL's Recordkeeping Requirements.

The "reasonable approximation" standard isn't just required by the regulations. It also makes sense in the food-delivery context given the impracticality of tracking drivers' vehicle-related expenses, particularly because the driver-employee, and not the employer, is in possession of any relevant records, both as a practical matter and as a regulatory one.

Nothing in the DOL regulations requires employers to keep track of employees' actual expenses. *See* 29 C.F.R. Part 516. It "would not make sense for the FLSA to impose on an employer the obligation to keep a record when control over that record is exercised by the employee, rather than the employer." FLSA2020-12 at 3 (quoting *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 302 (E.D.N.Y. 2013)); *see also Sullivan*, 362 F. Supp. 3d at 1151 ("Section 516.6(c)(2) does not purport to require that employers keep records of each employee's expenses, but rather the methodology used to arrive at the additions or deductions from wages paid."). As

FLSA2020-12 notes, the DOL has consistently maintained that principle even before *Wass* or *Hatmaker*. FLSA2020-12, at 3 ("[W]e have previously advised that when employees purchase required uniforms on their own rather than through their employer, for example, 'no record of such private transactions need be kept [by the employer] under the FLSA.'") (quoting FLSA2008-10).

### C.   The Standard for Which Plaintiff Advocates Would Impermissibly Shift the Burden of Proof.

Plaintiff's argument is that FOH § 30c15 offers employers two alternatives, "track and pay" pizza delivery drivers' actual expenses, or else pay the IRS Rate. Plaintiff relies on Judge Rose's *Hatmaker* decision which, as Defendants noted in their Opposition to Plaintiff's motion for partial summary judgment (*see* Doc. 39, PageID 477-78), misconstrues FOH § 30c15's reference to "associated recordkeeping" as a legal obligation on employers to keep records of employees' vehicle expenses. *Compare Sullivan*, 362 F. Supp. 3d at 1154 ("Nowhere does § 30c15 require Defendants to record [Plaintiff's] actual costs, the section instead makes a general reference to 'associated recordkeeping.'"). And even if that were a correct reading of § 30c15, it would be invalid because, as just discussed, there is no such obligation in the regulations. *See, e.g., id.* at 1154 ("To the extent § 30c15 purports to require employers to track their employees' actual expenses, it is not entitled to deference because it has no basis in the DOL's recordkeeping regulations."); *Bowen*, 875 F.2d at 1208 ("An agency's interpretation of its regulations is not entitled to deference if that interpretation is inconsistent with the regulations' plain language."); *cf. Kisor*, 139 S. Ct. at 2411, 2415 (the oft-repeated remark that agency interpretation of an ambiguous regulation is entitled to deference unless "plainly erroneous or inconsistent with the regulation" overstates the amount of deference owed).

Moreover, Plaintiff, like any FLSA minimum-wage plaintiff, has the burden of proving he was not paid the minimum wage in his case because his alleged unreimbursed expenses caused

his net wages to fall below the statutory minimum. Stated simply, an "FLSA plaintiff must prove by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 602 (6th Cir. 2009); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946); *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020).

Here, it is undisputed that Team Pizza paid Plaintiff *at least* the federal minimum wage; in fact, it is undisputed that Team Pizza paid Plaintiff *above* the federal minimum wage in order to comply with the higher Ohio minimum wage requirements.[8] Plaintiff, then, must prove that his unreimbursed expenses brought his net wages below the federal minimum, something he cannot do without establishing what his expenses were. Unsurprisingly, Plaintiff would like to operate under a scheme that imposes the burden of proof on Defendants. There is no basis in the law for such a shift in the burden of proof.

### D. The Reasonable Approximation Standard is Proper for Delivery Driver Expenses.

In essence, Plaintiff advocates for a *de facto* minimum mileage reimbursement rate set at the IRS Rate. Plaintiff does so on the flawed premise that the IRS Rate is somehow an "ideal" minimum wage proxy. The IRS Rate, however, was not designed as a tool for ensuring minimum wage compliance. (*See* Doc. 31, PageID 374.) Moreover, the contention that the IRS Rate eliminates approximation (which Plaintiff contends is forbidden by the FLSA) rings hollow as approximation is required under <u>any</u> standard. (*See* Doc. 30, PageID 324-25; Doc. 55, PageID 656-57.) Indeed, the IRS Rate itself is an approximation,[9] and allocation of vehicle expenses under

---

[8]    In 2021 the federal minimum wage is $7.25 per hour, whereas the Ohio minimum wage is $8.80

[9]    The IRS Rate is itself just an approximation based on analysis of a third-party contractor, Runzheimer. *See* IRS Notice 2020-5 ("An independent contractor conducts an annual study for the Internal Revenue Service of the fixed and variable costs of operating an automobile . . . .").

the "actual expense" approach necessarily involves approximating costs for any particular pay period (*e.g.*, allocating certain fixed costs such as tires, depreciation, and maintenance which are large up-front expenses and inherently an approximation when allocated over different pay periods, as well as allocating those expenses between personal and business use).

Contrary to Plaintiff's assertions, the IRS Rate is *not* designed to be a tool for minimum wage compliance, but rather as a safe harbor to determine deductible expenses for tax purposes. (Doc. No. 31, PageID 374.) And, unlike the standard adopted by the R&R and applied by Team Pizza, the IRS Rate is not a reasonable reflection of most delivery drivers' delivery-related expenses. The IRS Rate is premised upon <u>national averages</u> for gasoline, maintenance and repairs, tires, insurance, license and registration fees, and other fixed and variables costs. (*See id.* at PageID 374.) The IRS Rate is calculated annually based on the national average cost of newer cars[10] without regard to a driver's location, type of automobile,[11] or regional differences in costs. *See Kennedy*, 2020 WL 5076756, at *2 n.2, *4 n.6 ("[T]he IRS standard mileage rate is a form of approximation by virtue of being a national average . . . [which] actually supports the Court's conclusion that the regulations permit a reasonable approximation of expenses.").[12]

---

[10]  *See* Doc. 31, PageID 373-74; Doc. 31-1, PageID 382, ¶¶ 8-10.

[11]  For instance, depreciation (based upon a new car schedule) is a significant component of the IRS Rate – regardless of the age of the vehicle – and constitutes nearly 47% (or 27 cents) of the 2020 IRS Rate. (*See* Doc. 31, PageID 374.)

[12]  Consequently, the IRS Rate will *overstate* Plaintiff's expenses, as well as those of other delivery drivers who drove small and economic used vehicles in Ohio, where the price of gas and insurance is far below the national average. (*See* Doc. 30, PageID 374-75.) Because the IRS Rate is a weighted "nationwide average," it will generally (i) overcompensate an employee driving an inexpensive vehicle in lower-cost states or communities and (ii) undercompensate an employee driving a more expensive vehicle in higher-cost states or communities. (*See* Doc. 39, PageID 476-77.) Thus, under Plaintiff's IRS Rate theory, drivers would routinely receive a windfall or suffer a loss. Conversely, the standard adopted by the R&R permits employers to address employee costs directly based on circumstances specific to the region where they work.

Even the purported "track and pay" option under Plaintiff's IRS Rate theory is an acknowledgment that reasonable approximation is permissible and necessary for compliance. The anti-kickback regulation requires reimbursement up to the minimum wage threshold for the cost of tools "purchased by the employee" for use in or "specifically required for the employer's particular work."[13] Calculating and allocating vehicle expenses, such as tire wear and tear, maintenance and repairs, necessarily requires *some* estimation and approximation of Plaintiff's total vehicle use for personal and other business use such that only those costs that are "specifically required" by the employer's business are encompassed.[14] The FLSA does not demand that employers track all of that information. Rather, the FLSA and its implementing regulations specifically provide a flexible standard that permits employers to reasonably approximate those costs (as the R&R properly found). Plaintiff's position that the IRS Rate is the "ideal proxy" of vehicle costs is not a conclusion that can or should be made as a matter of law, nor one that is even pragmatically appropriate as it would result in routine windfalls and losses.

## VI. EVEN IF A GENUINE AMBIGUITY EXISTED, THE RESULT WOULD BE THE SAME, SINCE THE OPINION LETTER WOULD CONTROL.

There is no need for the Court to look beyond the regulations' plain language to conclude that employers may reasonably approximate employees' vehicle expenses. But even if a "genuine ambiguity" existed, *Kisor v. Wilkie* would dictate that the Opinion Letter controls, and it reaffirms

---

[13]     The regulation states, in part, "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35.

[14]     How should depreciation be calculated, straight line or declining balance method? Should registration and licensing fees—which Claimant would incur regardless of any business use—be subject to allocation? How does an employer allocate any expenses without estimating the totality of Plaintiff's use of the vehicle, such as for tires and maintenance?

the majority view that reimbursement based on a reasonable approximation of vehicle-related business expenses is all the law requires.

A.    Under *Kisor v. Wilkie*, Deference is Due to FLSA2020-12, Not FOH § 30c15.

As the R&R correctly recognized, the appropriate level of deference to an agency's interpretation of its own regulations was recently clarified in *Kisor v. Wilkie*, which held that deference under *Auer v. Robbins,* 519 U.S. 452 (1997), should be afforded only where (1) the relevant regulation is "genuinely ambiguous," (2) the agency reading of the regulation is "reasonable," and (3) the "character and context of the agency interpretation" is of a quality that "entitles it to controlling weight." *Kisor*, 139 S. Ct. at 2414-18. Assuming "genuine ambiguity," for an agency's reading to be "reasonable" it must "fall within the bounds of reasonable interpretation." *Id.* at 2416. For the "character and context" of an agency interpretation to warrant *Auer* deference, it must be (i) the agency's "authoritative" or "official" position, (ii) concern a matter implicating the agency's "substantive expertise" rather than one "distant from the agency's ordinary duties," and (iii) reflect "fair and considered judgment" that does not create "unfair surprise" to the regulated parties. *Id.* at 2417-18.

If the relevant regulations here were "genuinely ambiguous," then under *Kisor,* the Opinion Letter would be entitled to "controlling weight," because it offers an unquestionably "reasonable" interpretation of the regulations, is an "official interpretation" of the "character and context" entitling it to deference, and given its consistency with prior court decisions, it is not a surprise.

The Opinion Letter stands head and shoulders above FOH § 30c15 in terms of its thoroughness, internal consistency, and express reliance on cited, controlling authority. Where § 30c15 consists of three short paragraphs, the Opinion Letter consists of seven pages of careful reasoning. Where § 30c15 fails to provide any analysis at all justifying its conclusion that the IRS

Rate is even relevant to FLSA minimum wage compliance, the Opinion Letter takes pains to demonstrate its consistency with FLSA regulations, earlier DOL pronouncements (including FOH § 30c15), and the views of the vast majority of federal courts on the issue. And where, according to the DOL itself, "the FOH does not establish a binding legal standard on the public," is "not 'a device for establishing interpretive policy,'" but rather "is an 'operations manual'" for "WHD investigators and staff," the Opinion Letter is the DOL's "official interpretation of the governing statutes and regulations." FLSA2020-12, at 4, 7 (quoting FOH).

At bottom, if, as Plaintiff contends, the regulations were genuinely ambiguous, the Opinion Letter would control. (*See* Doc. 31, Sections II.B.3.a & II.C.1, at PageID 368-75; Doc. 39, Section II.B, at PageID 464-74.) The DOL's interpretation of the minimum wage regulations, as set forth in the Opinion Letter, is internally consistent, logical, and in alignment with nearly every court to have considered the question of expense reimbursement. Accordingly, if there were a call to consult any authorities outside the regulations themselves, both *Kisor* and the DOL itself dictate that the Opinion Letter, and not the FOH, would control, and with it, the "reasonably approximate" standard.

## B. *Waters*, Like *Hatmaker*, Should Be Disregarded.

Plaintiff now relies on *Waters v. Pizza to You, LLC*, No. 19-cv-372, 2021 WL 1839974 (S.D. Ohio May 7, 2021), to support his position that if a "genuine ambiguity" exists, FOH § 30c15 controls, rather than the Opinion Letter. (*See* Doc. 55, PageID 675-76.) In *Waters*, Judge Rose reaffirmed his conclusion in *Hatmaker* that FOH § 30c15 controls and mandates reimbursement either of actual expenses or at the IRS Rate. The court rejected the Opinion Letter, concluding it "does not persuade the Court that its prior determination [in *Hatmaker*] was incorrect," and again held the FOH controlled and required use of the IRS Rate. *Waters*, 2021 WL 1839974, at **7-11.

23

To the extent *Waters* follows *Hatmaker*, it should be disregarded for the reasons already discussed. (*See* Doc. 39, Section IV, at PageID 475-79.) *Waters* should also be disregarded for at least seven other reasons, relating to its rejection of the Opinion Letter.

First, while *Waters* recites the *Kisor* "genuine ambiguity" standard, it does not to adhere to it, twice incorrectly saying the regulations need only be "unclear" to justify *Auer* deference. *Waters*, 2021 WL 1839974, at *3.

Second, *Waters* reaffirms *Hatmaker*'s incorrect holding that employers have a duty to keep records of their employees' vehicle-related expenses and it relies in part on that holding to reject the Opinion Letter. *See id.* at *8. But again, a review of the regulations shows that no such duty exists.

Third, *Waters* contends the Opinion Letter "disclaims that the Handbook [i.e., FOH] is authoritative," but the Opinion Letter does not speak in such terms. Rather, it correctly states that "the FOH does not establish a binding legal standard on the public and is not 'a device for establishing interpretive policy.'" FLSA2020-12, at 4 (quoting FOH). The Opinion Letter goes on to quote the introduction of the FOH, to the effect that it is "an 'operations manual' that provides WHD investigators and staff with policies already 'established through changes in legations, regulations, significant court decisions, and the *decisions* and *opinions* of the WHD Administrator.'" *Id.* (quoting FOH; emphasis added). The Opinion Letter thus does not opine on the authoritativeness of the FOH. Rather, it repeats verbatim what the FOH itself says, acknowledging that opinion letters take precedence over the FOH and that the FOH is not a device for establishing interpretative policy. *See id.*

Fourth, *Waters* rejects the Opinion Letter's interpretation of the regulations as "not reasonable" on the grounds that it (1) "is wrong and contrary to the Court's holding *Hatmaker*"; (2)

"provides no guidance at all"; and (3) "conflicts with the [FOH], which includes [fixed costs] as reimbursable costs because they are included in the IRS rate." *Waters*, 2021 WL 1839974, at *10. This is not a demonstration of unreasonableness, but the mere expression of the court's disagreement with the DOL, as well as with the majority of federal district courts that already opined on the issue. It would not justify denying the Opinion Letter *Auer* deference, if the regulations were in fact "genuinely ambiguous."

Fifth, *Waters* opines that the Opinion Letter "does not reflect the agency's 'fair and considered judgment'" because it amounts merely to a "convenient litigating position," more specifically an "endorse[ment]" of "the pizza industry's litigating position." *Id.* at *10. But as Defendants already have shown, when dealing with the DOL, a "convenient litigating position" has a specific meaning—the taking of a *self-serving* or *self-interested* position; it has nothing to do with taking a position that could affect third parties or unrelated litigation. (*See* Doc. 39, PageID 470-71.) The DOL gained nothing and had nothing to gain by issuing the Opinion Letter.

Sixth, *Waters* erroneously concludes that the publication of the Opinion Letter, which *for the first time* sets forth the DOL's "official" position concerning reimbursement of vehicle expenses in this context, amounted to a departure from a "prior interpretation" based on a "perfunctory" analysis, akin to the DOL's attempted departure from the "20% rule." As already briefed, the publication of the Opinion Letter is simply not analogous to the resistance directed toward publication of FLSA2018-27, which sought to supplant three decades' worth of interpretative agency guidance and legal jurisprudence with an entirely new view. (*See* Doc. 39, PageID 470-72.) On the contrary, in FLSA2020-12, the DOL did not depart from any prior position, but rather took substantial care and effort to demonstrate why it is not in conflict with FOH § 30c15, the only other

"prior-held view." *See id.* Further to this point, the Opinion Letter was consistent with a majority of the federal courts that considered the issue in the past decade.

Finally, *Waters* fails to acknowledge that FLSA2020-12 states that it is, in fact, the DOL's "official interpretation." (*See* Doc. 39, PageID 466-67.) As already discussed, the FOH expressly states it is no such thing, but rather is an internal "operations manual" that is not "a device for establishing interpretive policy." FLSA2020-12, at 4 (quoting FOH).

In sum, *Waters* was incorrectly decided because the court (1) relied on the incorrect holding of *Hatmaker*, (2) misconstrued the Opinion Letter, (3) deemed the Opinion Letter "not reasonable" based on a mere difference of opinion, (4) erroneously accused the DOL of taking a self-interested or self-serving position, (5) erroneously concluded that the Opinion Letter—the DOL's only official position on the relevant regulations—was inconsistent with the FOH and impermissibly deviated from mere informal guidance, and (6) inexplicably concluded that the Opinion Letter's seven pages of careful analysis was "perfunctory." Finally, like *Hatmaker*, *Waters* is not binding on this Court. *See Camreta,* 563 U.S. at 709 n.7 ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. Moore et al., *Moore's Federal Practice* § 134.02[1] [d], p. 134–26 (3d ed. 2011))). As such, the Court should adopt the R&R in full and decline to follow *Hatmaker* and *Waters*.

## VII.    CONCLUSION.

Plaintiff has failed to show that the R&R was contrary to law, nor has he offered any other grounds warranting the reversal or modification of the R&R. Accordingly, Plaintiff's Objections should be overruled, and the Court should adopt the R&R in full.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ Mathew A. Parker
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, OH 43215
Telephone: (614) 453-7608
Facsimile: (614) 221-1409
mparker@fisherphillips.com

Kathleen McLeod Caminiti (*pro hac vice*)
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone: (908) 516-1062
Facsimile: (908) 516-1051
kcaminiti@fisherphillips.com

*Attorneys for Defendants*

## <u>CERTIFICATE  OF SERVICE</u>

The undersigned  hereby certifies  that a true  and accurate  copy of the foregoing  document was  filed  using  the Court's  CM/ECF  system  on  June  30, 2021,  and  that  the  Court's  CM/ECF system  will  electronically  notify  all parties of record.

/s/ Mathew  A. Parker <u>        </u><br>Mathew  A. Parker (0093231)