**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Michael Bradford, | ) |
| Plaintiff, | ) Case No. 1:20-cv-00060 |
| vs. | ) Judge Michael R. Barrett |
| Team Pizza, Inc., et al., | ) |
| Defendants. | ) |

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's May 26, 2021 Report and Recommendation ("R&R"). (Doc. 53). Plaintiff filed timely objections (Doc. 55) and Defendants filed a timely response to the objections (Doc. 59).

**I.  STANDARD OF REVIEW**

The parties dispute the proper standard of review for the Court's review of the R&R. *Compare* (Doc. 55 PageID 653), *with* (Doc. 59 PageID 705-06).

With respect to non-dispositive matters, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly

erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). With respect to "a pretrial matter dispositive of a claim or defense," and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b); *accord* 28 U.S.C. § 636(b)(1). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

Resolution of the proper standard for an employer's reimbursement of vehicle-related costs incurred by hourly-paid pizza delivery drivers under the Fair Labor Standards Act ("FLSA"), to avoid an improper kickback to the employer and the employees' wages falling below the mandatory minimum wage, is a non-dipositive matter; the R&R is not dispositive of a party's claim or defense; and review of the R&R under Federal Rule of Civil Procedure 72(a) is proper. The Court will uphold the R&R unless it finds that the legal conclusions therein are contrary to law.

II. **ANALYSIS**

The R&R sets out the parties' different arguments, and courts' different holdings, as to the proper standard under the FLSA for an employer's reimbursement of vehicle-related costs incurred by the employer's pizza delivery driver employees. (Doc. 53

2

PageID 631-35). The principal points of divergence are whether 29 C.F.R. § 531.35 is genuinely ambiguous and *Auer*[1] deference is appropriate. Plaintiff argues that 29 C.F.R. § 531.35 is genuinely ambiguous and, for an employer to sufficiently reimburse its delivery driver employees for vehicle-related costs under the FLSA, the employer must either reimburse drivers' actual costs or reimburse drivers using the Internal Revenue Service ("IRS") mileage reimbursement rate. (Docs. 30, 39, 43, 46, 55, 57, 60); *see* U.S. Dep't of Labor Field Operations Handbook § 30c15(a) (2000). Defendants argue that 29 C.F.R. § 531.35 is not genuinely ambiguous and the employer must reimburse drivers' actual costs or reimburse drivers using a reasonable approximation of the actual vehicle costs associated with making deliveries. (Docs. 31, 38, 47, 49, 59); *see* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Aug. 31, 2020). The Magistrate Judge agrees with Defendants. (Doc. 53 PageID 636-46). Plaintiff objects. (Doc. 55).

This Court looks to two federal district court cases—*Waters v. Pizza to You, LLC*, No. 3:19-CV-372, 2021 WL 1839974 (S.D. Ohio May 7, 2021) and *Kennedy v. Mountainside Pizza, Inc.*, No. 19-CV-01199, 2020 WL 5076756, (D. Colo. Aug. 26, 2020)—for guidance. In both cases, the plaintiffs were pizza delivery drivers pursuing causes of action against their employers for alleged FLSA minimum wage violations. In both cases, the plaintiffs argued that, for an employer to properly reimburse its delivery driver employees for vehicle-related costs under the FLSA, the employer must either reimburse drivers' actual costs or reimburse drivers using the IRS mileage reimbursement rate. And, while neither case is binding upon this Court, they are useful by way of

---

[1] Under *Auer v. Robbins*, 519 U.S. 452 (1997), deference is sometimes due to an agency's interpretation of a genuinely ambiguous regulation. *Golden Living Ctr. - Mountain View v. Sec'y of Health & Hum. Servs.*, 832 F. App'x 967, 973 (6th Cir. 2020) (citing *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019)); *see also Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945).

3

comparative review. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted).

In *Waters*, the court found that 29 C.F.R. § 531.35 "is ambiguous as applied to valuing vehicle expenses," as the "regulation does not set forth a methodology for calculating mileage rates, or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work." 2021 WL 1839974, at *6 (citations omitted). After finding 29 C.F.R. § 531.35 ambiguous in this regard, the court cited the Supreme Court of the United States' ("Supreme Court") decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), for the proposition that, "[i]n a situation involving regulatory ambiguity that 'entail[s] the exercise of judgment grounded in policy concerns,' courts should defer to an agency's reasonable interpretation of its regulations." *Waters*, 2021 WL 1839974, at *6 (citing *Kisor*, 139 S. Ct. at 2410). The court then found the Department of Labor's ("DOL") Field Operations Handbook to be the reasonable agency interpretation that is entitled to controlling weight. *Id.* at *6. The court concluded that, under the Field Operations Handbook, the defendants must reimburse their delivery drivers using the drivers' actual costs or at the IRS standard mileage rate. *Id.* at *10.

This Court, however, respectfully takes a narrower reading of *Kisor* than the court in *Waters* does and, as a result, comes to a different conclusion as to the appropriateness of applying *Auer* deference to answer the legal question presented. *Cf. Kisor*, 139 S. Ct. at 2414 ("*Auer* deference is not the answer to every question of interpreting an agency's rules. Far from it. As we explain in this section, the possibility of deference can arise only

4

if a regulation is genuinely ambiguous. And when we use that term, we mean it—genuinely ambiguous, even after a court has resorted to all the standard tools of interpretation."); *United States v. Riccardi*, 989 F.3d 476, 484-85 (6th Cir. 2021) ("Recently, however, the Supreme Court clarified *Auer*'s narrow scope in the related context of an agency's interpretation of its regulations.").

This Court finds the reasoning in *Kennedy* to be more compelling. That court held that 29 C.F.R. § 531.35 is not genuinely ambiguous and, even if it was, the August 2020 DOL Opinion Letter is the reasonable agency interpretation that would be entitled to controlling weight. *Kennedy*, 2020 WL 5076756, at *4-5 (citing *Kisor,* 139 S. Ct. at 2415). The court explained that, "[b]ecause the text and structure of [29 C.F.R. § 531.35] assist the Court in understanding what 'costs of tools' means in the context of expense reimbursement, the term is not ambiguous." *Id.* ("noting a court must attempt to resolve possible ambiguities in a regulation by carefully considering its text, structure, history, and purpose before resorting to *Auer* deference") (citing *Kisor*, 139 S. Ct. at 2415). The court concluded that the defendants must reimburse their delivery drivers using the drivers' actual expenses or using a reasonable approximation of expenses incurred. *Id.* at *2. The court noted that "the IRS standard mileage rate is a form of approximation by virtue of being a national average" and "the DOL's interpretation of the pertinent regulations to allow reimbursement of expenses at the IRS rate, as opposed to reimbursement of actual expenses incurred, actually supports the [c]ourt's conclusion that the regulations permit a reasonable approximation of expenses." *Id.* at *4 n.6.

In addition to reviewing *Waters* and *Kennedy*, the Court looks to the text and structure of 29 C.F.R. § 531.35 to determine whether that regulation is genuinely ambiguous. *See Kisor*, 139 S. Ct. at 2415.

Although the FLSA provides that wages "paid to any employee include[] the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees," the Act does not make clear what "wages" means in the context of employer-kickbacks. 29 U.S.C. § 203(m). However, the DOL regulations do. *See* 29 C.F.R. § 531.35. Section 531.35 explains that the FLSA's minimum wage requirement is not met unless the wages paid by the employer and received by the employee are "free and clear." *Id.* Section 531.35 provides that wages are not paid "free and clear" if the employee "'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage." *Id.* Section 531.35 provides an example of such an improper kick-back and concludes with a reference to 29 C.F.R. § 531.32(c) ("For example," if the employer requires "that the employee must provide tools of the trade[2] which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c)."). 29 C.F.R. § 531.35.

Section 531.32(c), in turn, explains that "the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages." *Id.* § 531.32(c).

---

[2] Pizza delivery drivers' personal vehicles are "tools of the trade" under § 531.35. (Doc. 53 PageID 630) (citing *Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 WL 5725043, at *2 (S.D. Ohio Nov. 5, 2019)).

6

Section 531.32(c) concludes with a reference to Section 778.217. *Id.* ("For a discussion of reimbursement for expenses such as 'supper money,' 'travel expenses,' etc., see § 778.217 of this chapter.").

Section 778.217, in turn, restates the general rule found in Section 531 *i.e.*, that an employer's payments to its employees for expenses incurred on the employer's behalf cannot be counted towards compensation. *Id.* § 778.217(a). Section 778.217 then provides five illustrations of employee expenses that should not be regard as part of employees' rates. *Id.* § 778.217(b). The illustration pertinent here provides that "[p]ayment by way of reimbursement" is "not regarded as part of the employee's regular rate"[3] when it is for "[t]he actual or reasonably approximate amount[4] expended by an employee who is traveling 'over the road' on the employer's business." *Id.* § 778.217(b)(3).[5]

The Court holds that the text and structure of 29 C.F.R. § 531.35—which incorporates 29 C.F.R. § 531.32(c), which in turn incorporates 29 C.F.R. § 778.217—is not genuinely ambiguous as it relates to the costs associated with a pizza delivery driver operating a vehicle for work. Thus, the Court need not defer to any of the DOL's

---

[3] To the extent that Plaintiff argues that because 29 C.F.R. § 778.217 facially deals with overtime pay, and not minimum wage, the interpretation is inapplicable to the question presented (Doc. 55 PageID 662-65), Plaintiff's argument ignores § 531.32(c)'s express reference to § 778.217.

[4] To the extent that Plaintiff asserts that the term "reasonably approximate amount" is ambiguous (Doc. 55 PageID 671-75), the Court finds that "the term 'reasonably' is vague, but not ambiguous;" "[v]agueness 'is often intentional, as general terms (**reasonable** time, best efforts, equal protection) are adopted to cover a multitude of situations that cannot be spelled out in detail or even foreseen;'" "[t]he term 'reasonable' allows the Court the discretion to tailor the regulation to the circumstances before it, and this Court routinely applies statutory standards of reasonableness without finding ambiguity." *Kennedy*, 2020 WL 5076756, at *5 (citing Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 33 (2012) (emphasis in original)).

[5] To the extent that Plaintiff contends that 29 C.F.R. § 778.217(b)(1) is the proper illustration, and not § 778.217(b)(3), (Doc. 55 PageID 668-71), he neither alleges nor argues that he purchased his vehicle "on behalf of his employer," *i.e.*, to deliver pizzas for Defendants. 29 C.F.R. § 778.217(b)(1); (Doc. 59 PageID 712-13).

interpretations of § 531.35 to determine the proper standard for reimbursement of such costs. *See Kisor*, 139 S. Ct. at 2415 ("[I]f the law gives an answer—if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading, no matter how much the agency insists it would make more sense."). For an employer to sufficiently reimburse its pizza delivery driver employees for vehicle-related costs under the FLSA, the employer must either reimburse drivers' actual costs or reimburse drivers using a reasonable approximation of the actual vehicle costs associated with making deliveries.

In sum, the legal conclusions in the R&R are not contrary to law and, if liability is found, the Court will use the reasonable approximation standard to calculate the proper reimbursement due. *See* FED. R. CIV. P. 72(a).

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's Objections (Doc. 55) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 53) is **ADOPTED in its entirety**. Accordingly, it is further **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 30) is **DENIED** and Defendants' Motion for Partial Summary Judgment (Doc. 31) is **GRANTED**.

**IT IS SO ORDERED.**

    /s Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court