# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 27, 2022

Mr. Andy Biller
Law Offices
4200 Regent Street
Suite 200
Columbus, OH 43219

Re:  Case No. 22-0304, *In re: Michael Bradford*
     Originating Case No. : 1:20-cv-00060

Dear Counsel,

The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Julie Connor for
Gretchen Abruzzo, Case Manager
Direct Dial No. 513-564-7018

cc:  Ms. Rachel Sarah Bloomekatz
     Mr. Andrew Paul Kimble
     Mr. Richard W. Nagel
     Mr. Mathew A. Parker

Enclosure

No mandate to issue

No. 22-0304

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 27, 2022
DEBORAH S. HUNT, Clerk

In re: MICHAEL BRADFORD, On behalf of himself and those similarly situated,

   Petitioner.

O R D E R

Before: SUTTON, Chief Judge; MOORE and COLE, Circuit Judges.

  Plaintiff Michael Bradford, on behalf of himself and those similarly situated, petitions for permission to appeal from a district court order adopting a magistrate judge's report and recommendation in its entirety, denying Bradford's motion for partial summary judgment, and granting Defendants' motion for summary judgment. Defendants do not oppose the petition. Bradford asks the court to determine the proper method for employers to reimburse pizza delivery drivers for use of their personal vehicles to make deliveries.

  We have discretion to hear an appeal certified by the district court "if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (order). The statutory criteria "should be treated as *guiding criteria* rather than *jurisdictional* requisites." *In re Trump*, 874 F.3d at 951 (citation omitted). "These criteria, along with other prudential factors, guide our discretion . . . ." *Id.*

No. 22-0304
-2-

The certified issue here is controlling. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. Here, the district court's determination that, "[f]or an employer to sufficiently reimburse its pizza delivery driver employees for vehicle-related costs under the [Fair Labor Standards Act], the employer must either reimburse drivers' actual costs or reimburse drivers using a reasonable approximation of the actual vehicle costs associated with making deliveries," as opposed to using either actual costs or the Internal Revenue Service ("IRS") mileage amount, may materially affect Defendants' liability and, thus, the outcome of the litigation below.

Resolution of the valuation issue will also likely materially advance the ultimate termination of the litigation. As Bradford points out, resolution of this issue will significantly impact how the case is litigated, as demonstrated by the extensive discovery sought in other cases addressing this issue. Thus, "absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (order) (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)).

A substantial difference of opinion exists when, among other things, "a difference of opinion exists within the controlling circuit." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (order) (citation omitted). In this case, the district court acknowledged that another judge in its district has come to a different conclusion regarding the appropriate way to value employee car use for pizza delivery purposes. *See, e.g.*, *Waters v. Pizza to You, LLC*, 538 F. Supp. 3d 785 (S.D. Ohio 2021) (giving controlling weight to the Department of Labor's Field Operations Handbook and finding that employers must reimburse employees using the drivers' actual costs or the IRS mileage rate). Likewise, Defendants acknowledge that, despite widespread acceptance of the "reasonable approximation" valuation model, that same judge has now twice rejected that

No. 22-0304
-3-

model in favor of the IRS rate theory. *Id.*; *see also Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 WL 5725043 (S.D. Ohio Nov. 5, 2019). Meanwhile, Bradford has filed an additional citation identifying a Michigan district court decision rejecting the "reasonable approximation" model as ambiguous and adopting the IRS rate theory. *Parker v. Battle Creek Pizza, Inc.*, —F. Supp. 3d—, 2022 WL 1284379, at *4 (W.D. Mich. Apr. 28, 2022). Under these circumstances, a substantial difference of opinion exists regarding the correct valuation method for delivery drivers' vehicle expenses. Finally, Defendants' non-opposition weighs in favor of granting Bradford's petition as a prudential matter.

    Accordingly, the petition for permission to appeal is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk